Steven Tindall (SBN 187862)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
smt@classlawgroup.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sean M. Hoyt, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Amazon.com, Inc.; Amazon Logistics, Inc., <br><br> Defendants. | Case No. 3:19-cv-0218 <br><br> **PRIVATE ATTORNEY GENERAL ACT (PAGA) COMPLAINT** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

## I.      INTRODUCTION

1. Plaintiff Sean M. Hoyt, Jr., drove for Amazon Flex for several months in 2018 and relied on it as his sole source of income. He maintained a near-perfect delivery rating. In late June 2018, Amazon terminated his access to the Flex software application, without explanation. Mr. Hoyt could no longer support himself and lost his house in Oakland, California.

2. Other Amazon workers have told reporters "horror stories" about how they were treated by the company.[1]

3. Amazon classifies workers like Plaintiff Hoyt as independent contractors. In doing so, Amazon denies them the benefits and protections of California labor law.

4. Amazon's Flex delivery drivers are misclassified as independent contractors under California law.

5. Empowered by the Private Attorneys General Act to bring suit on behalf of the State of California for civil penalties, Plaintiff Hoyt brings this action to recover for Amazon's violation and circumvention of California labor law.

## II.     PARTIES

6. Plaintiff Sean M. Hoyt, Jr., is a resident and citizen of Arizona. During the relevant time period, he worked for Amazon as a "Flex" driver delivering packages in San Francisco, California.

7. Amazon.com, Inc., and Amazon Logistics, Inc., are Delaware corporations with their principal place of business in Seattle, Washington.

## III.    JURISDICTION AND VENUE

8. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and this action is between citizens of different states.

9. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred within this District.

---

[1] Shona Ghosh, "Peeing in trash cans, constant surveillance, and asthma attacks on the job: Amazon workers tell us their warehouse horror stories," Business Insider (May 5, 2018), https://www.businessinsider.com/amazon-warehouse-workers-share-their-horror-stories-2018-4.

-2-

PAGA COMPLAINT
Case No. _____

## IV.    INTRADISTRICT ASSIGNMENT

10. Assignment to the San Francisco/Oakland division is proper because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County.

## V.    FACTUAL ALLEGATIONS

11. Amazon.com is an e-commerce website where consumers can order products and have them shipped directly to their doors.

12. To support its delivery service, Amazon hires and pays delivery drivers through its Amazon Flex smartphone application.

13. The process for becoming a Flex Driver involves filling out an application, undergoing a background check, and watching approximately 20 mandatory training videos about how to deliver packages in accordance with Amazon's rules.[2] After each training video, there is a quiz about the video that prospective drivers must pass.[3]

14. After Amazon approves a prospective driver's application, the driver can sign up for shifts of varying lengths (from 2 to 12 hours) from within the Flex app. Once a driver signs up for a shift, they are required to report to a specific Amazon fulfillment center at a specific time to pick up their packages.

15. Flex drivers are required to deliver a set number of packages during their shift.[4] The time spent at the fulfillment center, waiting to receive the assigned packages, counts as part of the shift. Flex drivers can spend hours waiting at the fulfillment center for their packages.

16. A typical shift has drivers delivering 12-20 packages per hour. Drivers shifts are not adjusted to account for rush hour or holiday traffic.

17. After receiving packages from the Amazon fulfillment center, Flex drivers are required to deliver all assigned packages—regardless of how long it takes. Many drivers complain that it is impossible to deliver all assigned packages during their assigned shifts. One former Flex driver told

---

[2] Alana Semuels, "I Delivered Packages for Amazon and It Was a Nightmare," The Atlantic (June 25, 2018), https://www.theatlantic.com/technology/archive/2018/06/amazon-flex-workers/563444/.
[3] Id.
[4] Heather Cook, "Amazon Flex Tips [A Beginner's Guide]," Ridester, https://www.ridester.com/amazon-flex-tips/.

Amazon: "stop overloading the drivers with impossible routes to finish within time given."

18. Regardless of how long it takes the driver to finish his or her deliveries, Amazon will pay the driver only for the number of scheduled hours in the shift. For example, if a Flex driver books a 3-hour shift, he or she might receive 45 packages on a delivery route that takes 5 hours. But for those 5 hours, he or she would only be paid for 3 hours.

19. Flex drivers who attempt to return packages to the fulfillment center because the packages were impossible to deliver during their shift are subject to termination.

### A. Amazon Misclassifies Flex Drivers as Independent Contractors

20. Amazon classifies its drivers as independent contractors.

21. Amazon's California drivers are misclassified under California law. They should instead be classified as employees.

22. Under the California Industrial Welfare Commission's Wage Order 9, delivery drivers are presumed to be employees unless the hiring entity can prove: "(a) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (b) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (c) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed."[5]

23. Flex drivers are not free from Amazon's direction and control in performing the work. Amazon chooses what shifts to offer drivers and when those shifts will occur. When the shift begins, the driver must check in on the Flex app. Amazon then controls which fulfillment center the driver will be assigned. Once the driver arrives at the fulfillment center, he or she must use the app to inform Amazon that he or she has arrived. The driver must follow Amazon's instructions for picking up the packages and scan all of them before leaving. The driver does not control how many packages he or she will be assigned or the drop-off locations for the packages. The Flex app tells the driver the exact

---

[5] *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 955–56 (2018), *reh'g denied* (June 20, 2018); *see also Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010), *as modified* (June 9, 2010) (Industrial Welfare Commission's definition of "employee" also governs statutory wage and hour claims).

-4-

PAGA COMPLAINT
Case No. _____

route to take to each delivery destination. When dropping off a package, the driver must inform Amazon via the app that the package has been delivered and take a picture of the package as proof it was delivered. Flex drivers do not control whether the packages will come with complex special delivery instructions. In delivering packages and interacting with customers, Flex drivers must always follow Amazon's strict guidelines, which they learned from mandatory training videos.

24. Because Amazon.com is an online store and delivery service, the delivery of packages is not outside the usual course of Amazon's business but is instead a central part of its business.

25. California Flex drivers are not customarily engaged in an independent trade, occupation, or business. Plaintiff's full-time job was working as an Amazon Flex driver. And approximately 70 to 80 percent of Flex drivers in San Francisco and the Bay Area drive for Amazon as their full-time job.[6]

**PLAINTIFF'S EXPERIENCE**

26. Plaintiff Sean Hoyt worked as an Amazon Flex driver until late June 2018.

27. He resided in Oakland, California, but delivered Amazon packages primarily in San Francisco, California. He typically worked 8-12 hours per day, 7 days per week. He worked exclusively for Amazon, and didn't have any other jobs or businesses.

28. On his last day of work, Mr. Hoyt arrived at the Amazon fulfillment center in San Francisco and was forced to wait 4 hours to receive his packages for delivery. Already 4 hours late, Mr. Hoyt's delivery progress was further impeded by street closures in San Francisco due to a parade. As a result, Mr. Hoyt delivered many of his packages far behind schedule. Before he could compete all his deliveries for the day, he was terminated from the Flex app, without explanation. Until that point, Mr. Hoyt had maintained an average delivery rating of 99.7%.

29. Mr. Hoyt attempted to contact Amazon to seek reinstatement, but was never able to reach a live person. After losing his job with Amazon, Mr. Hoyt could not make the payments on his house in Oakland, and was forced to move back home to Arizona.

---

[6] Semuels, supra note 2.

# CLAIM FOR RELIEF

(Private Attorneys General Act, Labor Code §2698, *et seq.*)

30. Plaintiff has satisfied the prerequisites for commencing this civil action pursuant to Labor Code § 2699.3. On October 31, 2018, Plaintiff sent notice by certified mail and online submission the Labor and Workforce Development Agency (LWDA) and the Defendant of the specific labor code violations alleged herein. More than 65 days have elapsed since the send date of Plaintiff's notice to the LWDA, and the LWDA has not responded pursuant to Cal. Labor Code § 2699.3(a)(2)(A).

31. Plaintiff qualifies as an "aggrieved employee" within the meaning of Labor Code § 2699(c) because he was employed by Defendant, and Defendant committed California labor law violations against him.

32. As an aggrieved employee, Plaintiff sues on behalf of the State of California to recover all available civil penalties for Amazon's labor violations, including:

   a. **Intentional Misclassification**. In violation of Cal. Labor Code § 226.8 and Industrial Welfare Commission (IWC) Wage Order 9, Amazon has engaged in a pattern or practice of willfully misclassifying its Flex drivers as independent contractors. Amazon's policies and practices show knowledge and intent to circumvent California labor law by classifying its Flex drivers, improperly, as independent contractors. In addition to any other penalties permitted by law, Plaintiff seeks $25,000 in civil penalties for each California Flex driver that Amazon has intentionally misclassified, pursuant to Cal. Labor Code § 226.8.

   b. **Overtime Violations**. In violation of Cal. Labor Code § 510 and IWC Wage Order 9, Amazon fails to provide overtime pay to Flex drivers. California law requires an overtime premium of 1.5 times the regular rate of pay for work exceeding 8 hours per day, 40 hours per week, or the first 8 hours of a 7th consecutive workday. California law requires an overtime premium of 2 times the regular rate of pay for hours worked in excess of 12 per day or beyond 8 hours for a 7th consecutive workday. Amazon pays Flex drivers a flat rate for each shift, regardless of how many hours the Flex driver

actually worked. Plaintiff routinely worked shifts in excess of 8 hours per day, and Plaintiff routinely worked 7 consecutive days per week. Plaintiff never received overtime pay for this work. In addition to any other penalties permitted by law, Plaintiff seeks $100 for each initial violation and $200 for each subsequent violation pursuant to Cal. Labor Code § 558.

c. **Expense Reimbursement**. In violation of Cal. Labor Code § 2802 and IWC Wage Order 9, Amazon does not reimburse its Flex drivers' business expenses nor provide them the tools they need to perform the job.  Amazon requires Flex drivers to have their own insurance, smartphone, and car.  Amazon does not pay for the insurance premiums, the purchase of the smartphone or car, the cellular data plan required to utilize the Flex application, driving expenses such as the cost of gasoline or maintenance, and the depreciation value of putting miles on the car.  In addition to any other penalties permitted by law, Plaintiff seeks $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

d. **Meal and Rest Breaks**.  In violation of Cal. Labor Code § 512 and IWC Wage Order 9, Amazon does not provide breaks during Flex drivers' shifts for rests or for meals. Plaintiff would routinely work shifts in excess of 8 hours, but the Flex application never allotted him a rest or meal break.  In addition to any other penalties permitted by law, Plaintiff seeks $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

e. **Itemized Wage Statements**. In violation of Cal. Labor Code § 226 and IWC Wage Order 9, Amazon does not provide itemized wage statements to Flex drivers showing the number of hours worked and how their compensation was calculated.  Amazon merely provides Flex drivers with a weekly total of how much money they were paid—omitting much of the information required to be on a wage statement under California labor law.

In addition to any other penalties permitted by law, Plaintiff seeks $250 for each aggrieved employee for each initial violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 226.3.

f. **Waiting Time Penalties**. In violation of Cal. Labor Code § 203 and IWC Wage Order 9, Amazon does not pay Flex drivers for their last shift if they are terminated as a result of that shift, even if they delivered all of their packages.  Plaintiff worked a shift in excess of 8 hours on his last day, but was never paid his final paycheck.  In addition to any other penalties permitted by law, Plaintiff seeks waiting time penalties for each terminated Flex driver of 30 times the amount of their final paycheck, pursuant to Cal. Labor Code § 203.

g. **Illegal Contract Terms**. In violation of Cal. Labor Code § 432.5, Amazon requires Flex drivers to agree to contract terms that it knows or should know are unlawful.  For example, Amazon requires Flex drivers to agree to a contract clause purporting to waive their right to bring a representative action under PAGA.  Such waivers are unlawful under the California Supreme Court decision in *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014).  Amazon also requires Flex drivers to agree to litigate disputes under Washington law in the state of Washington, in direct violation of Cal. Labor Code § 925, which prohibits an employer from requiring a California employee to agree to a choice-of-law or venue clause that would deprive the employee of substantive protections of California law or would require claims be litigated outside California.  In addition to any other penalties permitted by law, Plaintiff seeks $100 for each aggrieved employee for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Cal. Labor Code § 2699.

**PRAYER FOR RELIEF**

Based on the above allegations, Plaintiff respectfully requests entry of judgment against Defendant as follows:

1. For all available civil penalties under the Private Attorneys General Act in an amount

-8-

PAGA COMPLAINT
Case No. _____

according to proof;

2. For prejudgment interest and post-judgment interest as allowed by law;

3. For attorneys' fees and costs;

4. For declaratory relief in the form of an order that all California Flex drivers are "employees" of Amazon;

5. For such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: January 11, 2019         /s/ Steven Tindall

Steven Tindall (SBN 187862)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
smt@classlawgroup.com

*Counsel for Plaintiff*