EXHIBIT J

1 | **BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
   Norman B. Blumenthal (State Bar #068687)
2 | Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3 | 2255 Calle Clara
   La Jolla, CA 92037
4 | Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5 | Website: www.bamlawca.com

6 | Attorneys for Plaintiff

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | PERSIS KNIPE, an individual, on behalf | Case No. **3:17-cv-01889-WQH-JMA**
   of herself, on behalf of all persons |
12 | similarly situated, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

13 | Plaintiff, |

14 | vs. | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;

15 | AMAZON.COM, INC., a Corporation; | 2. FAILURE TO PAY MINIMUM
   AMAZON LOGISTICS, INC., a | WAGES IN VIOLATION OF CAL.
16 | Corporation; and DOES 1 through 50, | LAB. CODE §§ 1194, 1197 & 1197.1;
   inclusive, |

17 | | 3. FAILURE TO PAY OVERTIME
18 | Defendants. | WAGES IN VIOLATION OF CAL.
   | LAB. CODE §§ 510, 1194 & 1198, *et*
19 | | *seq.*;

20 | | 4. FAILURE TO PROVIDE ACCURATE ITEMIZED
21 | | STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;

22 | | 5. FAILURE TO REIMBURSE
23 | | EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF
   | CAL. LAB. CODE § 2802.;and,
24 |

25 | | 6. VIOLATION OF THE PRIVATE
26 | | ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*].

27 | | **DEMAND FOR A JURY TRIAL**

28 |

1

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA

1      Plaintiff Persis Knipe ("PLAINTIFF"), an individual, on behalf of herself and all

2 other similarly situated current and former employees, alleges on information and belief,

3 except his own acts and knowledge, the following:

4

5                       **INTRODUCTION**

6      1.     Defendant Amazon.com, Inc. and Amazon Logistics, Inc. (collectively

7 "DEFENDANT") in order to service customers hires workers to aid DEFENDANT in

8 providing delivery services to DEFENDANT's customers. The cost, as proscribed by

9 law, of the personnel hired to work for DEFENDANT, includes not only the pay of these

10 employees but the cost of the employer's share of tax payments to the federal and state

11 governments for income taxes, social security taxes, medicare insurance, unemployment

12 insurance and payments for workers' compensation insurance ("Business Related

13 Expenses"). To avoid the payment of these legally proscribed Business Related

14 Expenses to the fullest extent possible, DEFENDANT devised a scheme to place the

15 responsibility for the payment of these costs and expenses of DEFENDANT on the

16 shoulders of PLAINTIFF and other Delivery Drivers. As employer, DEFENDANT is

17 legally responsible for the payment of all these Business Related Expenses. This lawsuit

18 is brought on behalf of these Delivery Drivers who worked for DEFENDANT in

19 California and were classified as independent contractors, in order to collect the wages

20 due them as employees of DEFENDANT, the cost of the employer's share of payments

21 to the federal and state governments for income taxes, social security taxes, medicare

22 insurance, unemployment insurance and payments for workers' compensation insurance,

23 plus penalties and interest.

24

25                       **THE PARTIES**

26      2.     DEFENDANT is a corporation which, at all relevant times mentioned

27 herein, conducted and continues to conduct substantial and regular business in the State

28 of California.

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA

1    3.    PLAINTIFF has worked for DEFENDANT as a Delivery Driver since June

2  of 2017 and has been classified by DEFENDANT as an independent contractor during

3  her entire employment with DEFENDANT.

4    4.    California Labor Code Section 226.8 provides that "[i]t is unlawful for any

5  person or employer to engage in . . . [w]illful misclassification of an individual as an

6  independent contractor."  The penalty for willful misclassification of employees is a

7  "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen

8  thousand dollars ($15,000) for each violation, in addition to any other penalties or fines

9  permitted by law." It is further provided that, in the event that an employer is found to

10  have engaged in "a pattern or practice of these violations," the penalties increase to "not

11  less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars

12  ($25,000) for each violation, in addition to any other penalties or fines permitted by

13  law." Cal. Labor Code § 226.8.

14    5.    Here, DEFENDANT has willfully misclassified PLAINTIFF and other

15  Delivery Drivers as described in Cal. Labor Code § 226.8, and further, that

16  DEFENDANT has engaged in a "pattern or practice" of such violations as contemplated

17  by the California Labor Code.

18    6.    Upon hire, the position of a Delivery Driver was represented by

19  DEFENDANT to PLAINTIFF and the other Delivery Drivers as an independent

20  contractor position capable of paying a flat rate of pay for certain shifts.  PLAINTIFF

21  and other Delivery Drivers are not compensated overtime wages for any of their time

22  spent working in excess of eight (8) hours in a workday, twelve (12) hours in a workday,

23  and/or forty (40) hours in a workweek.  PLAINTIFF and other Delivery Drivers are paid

24  the hourly rate to perform delivery services on DEFENDANT's behalf. PLAINTIFF and

25  other Delivery Drivers are not compensated any other wages besides the flat rate.

26  However, it often takes PLAINTIFF and the other Delivery Drivers more time to

27  complete their deliveries than their scheduled shifts, but drivers do not receive additional

28  compensation for this extra time.

FIRST AMENDED CLASS ACTION COMPLAINT

1        7.    To perform their job duties, PLAINTIFF and the other Delivery Drivers

2    perform work subject to the control of DEFENDANT in that DEFENDANT has the

3    authority to exercise complete control over the work performed and the manner and

4    means in which the work is performed.  DEFENDANT provides the customers,

5    DEFENDANT provides the instructions regarding where to make deliveries, in what

6    order, and which route to take. PLAINTIFF and other Delivery Drivers can be penalized

7    or terminated for missing scheduled shifts. DEFENDANT also instructs PLAINTIFF

8    and other Delivery Drivers as to how to conduct themselves with DEFENDANT's

9    customers, what time to make their deliveries, how to scan packages, and how to

10   properly pick up and return packages at DEFENDANT's warehouses.    i.

11   California Labor Code § 3357 defines "employee" as "every person in the service of an

12   employer under any appointment or contact of hire or apprenticeship, express or implied,

13   oral or written, whether lawfully or unlawfully employed." In addition to the California

14   Labor Code's presumption that workers are employees, the California Supreme Court

15   has determined the most significant factor to be considered in distinguishing an

16   independent contractor from an employee is whether the *employer or principal has*

17   *control or the right to control the work both as to the work performed and the manner*

18   *and means in which the work is performed.* DEFENDANT heavily controls both the

19   work performed and the manner and means in which PLAINTIFF and the other Delivery

20   Drivers perform their work in that:

21       (a)    PLAINTIFF and other Delivery Drivers are not involved in a distinct

22   business, but instead are provided with instructions as to how to perform their work and

23   the manner and means in which the work is to be performed by means of

24   DEFENDANT's manuals and written instructions;

25       (b)    PLAINTIFF and other Delivery Drivers are continuously provided

26   with training and supervision, including following DEFENDANT's company documents

27   and receive training from DEFENDANT as to how and in what way to perform the

28   delivery services;

1        (c)    DEFENDANT sets the requirements as to what policies and

2 procedures all of the Delivery Drivers were to follow, including how and when to deliver

3 DEFENDANT's packages;

4        (d)    PLAINTIFF and other Delivery Drivers have no opportunity for

5 profit or loss because DEFENDANT only pays these workers based on their scheduled

6 shifts;

7        (e)    PLAINTIFF and other Delivery Drivers perform delivery services

8 which is part of DEFENDANT's principal business and is closely integrated with and

9 essential to the employer's business of providing on demand delivery services to their

10 customers;

11        (f)    PLAINTIFF and other Delivery Drivers perform the work themselves

12 and do not hire others to perform their work for them;

13        (g)    PLAINTIFF and other Delivery Drivers do not have the authority to

14 make employment-related personnel decisions;

15        (h)    PLAINTIFF and other Delivery Drivers perform their work in a

16 particular order and sequence in accordance with DEFENDANT's company policy; and,

17        (i)    DEFENDANT has the "right" to control every critical aspect of

18 DEFENDANT's daily delivery services operations.

19    8.    As a result, stripped of all the legal fictions and artificial barriers to an

20 honest classification of the relationship between PLAINTIFF and all the other Delivery

21 Drivers on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the

22 other Delivery Drivers are and were employees of DEFENDANT and not independent

23 contractors of DEFENDANT and should therefore be properly classified as non-exempt,

24 hourly employees.

25    9.    PLAINTIFF brings this Class Action on behalf of herself and a California

26 class, defined as all individuals who worked for DEFENDANT in California as Delivery

27 Drivers and who were classified as independent contractors (the "CALIFORNIA

28 CLASS") at any time during the period beginning four (4) years prior to the filing of this

5

1    Complaint and ending on the date as determined by the Court (the "CALIFORNIA

2    CLASS PERIOD").    The amount in controversy for the aggregate claim of

3    CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

4        10.     As a matter of company policy, practice and procedure, DEFENDANT has

5    unlawfully, unfairly and/or deceptively classified every CALIFORNIA CLASS Member

6    as "independent contractors" in order to unlawfully avoid compliance with all applicable

7    federal and state laws that require payment for all time worked, business expenses, and

8    the employer's share of payroll taxes and mandatory insurance. As a result of the scheme

9    to defraud the federal and state governments and the CALIFORNIA CLASS Members,

10    PLAINTIFF and the CALIFORNIA CLASS Members are underpaid throughout their

11    employment with DEFENDANT. The true names and capacities, whether individual,

12    corporate, associate or otherwise of the Defendants sued here as DOES 1 through 50,

13    inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants

14    by such fictitious names pursuant to Fed. R. Civ. Proc. 17. PLAINTIFF is informed and

15    believes, and based thereon, alleges that each of the Defendants designated herein is

16    legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFF

17    will seek leave of Court to amend this Complaint to reflect the true names and capacities

18    of the Defendants when they have been ascertained and become known.

19        11.     The agents, servants and/or employees of the Defendants and each of them

20    acting on behalf of the Defendants acted within the course and scope of his, her or its

21    authority as the agent, servant and/or employee of the Defendants, and personally

22    participated in the conduct alleged herein on behalf of the Defendants with respect to the

23    conduct alleged herein. Consequently, the acts of each Defendant are legally attributable

24    to the other Defendants and all Defendants are jointly and severally liable to the

25    PLAINTIFF and the other members of the CLASS, for the loss sustained as a proximate

26    result of the conduct of the Defendants' agents, servants and/or employees.

27

28

**THE CONDUCT**

12.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS Members as defined by DEFENDANT is executed by them through the performance of non-exempt labor.

13.    Although PLAINTIFF and the other CALIFORNIA CLASS Members perform non-exempt labor subject to DEFENDANT's complete control over the manner and means of performance, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these CALIFORNIA CLASS Members are classified as "independent contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members are also required to pay DEFENDANT 's share of payroll taxes and mandatory insurance premiums. As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members who perform this work for DEFENDANT, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure which uniformly fails to properly classify PLAINTIFF and the other CALIFORNIA CLASS Members as employees and thereby fails to pay them wages for all time worked, reimbursement of business related expenses, fails to provide them with meal and rest breaks, and fails to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.    The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged. DEFENDANT does not have in place a policy, practice or procedure that provides meal and/or rest breaks to PLAINTIFF and CALIFORNIA CLASS Members as evidenced by DEFENDANT's business records which contain no record of these breaks.

7

14. DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors.

15. PLAINTIFF and all the CALIFORNIA CLASS Members are and were uniformly classified and treated by DEFENDANT as independent contractors at the time of hire and thereafter, DEFENDANT failed to take proper steps to determine whether the PLAINTIFF and the CLASS Members are properly classified under the applicable Industrial Welfare Commission Wage Order and Cal. Lab. Code §§ 510, *et seq.* as exempt form applicable labor laws. Since DEFENDANT affirmatively and willfully misclassified PLAINTIFF and CALIFORNIA CLASS Members in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law. In addition, DEFENDANT acted deceptively by falsely and fraudulently classifying PLAINTIFF and each CALIFORNIA CLASS Member as independent contractors when DEFENDANT knew or should have known that this classification was false and not based on known facts. DEFENDANT also acted deceptively by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

16. DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802

1   expressly states that "an employer shall indemnify his or her employee for all necessary

2   expenditures or losses incurred by the employee in direct consequence of the discharge

3   of his or her duties, or of his or her obedience to the directions of the employer, even

4   though unlawful, unless the employee, at the time of obeying the directions, believed

5   them to be unlawful."

6       17.    In the course of their employment PLAINTIFF and other CALIFORNIA

7   CLASS Members as a business expense, are required by DEFENDANT to use personal

8   cellular phones as a result of and in furtherance of their job duties as employees for

9   DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost

10  associated with the use of the personal cellular phones for DEFENDANT's benefit.  In

11  order to work as a Delivery Driver for DEFENDANT, PLAINTIFF and other

12  CALIFORNIA CLASS Members are required to use DEFENDANT's mobile application

13  and as such it is mandatory to have a cell phone that is compatible with DEFENDANT's

14  mobile application.  As a result, in the course of their employment with DEFENDANT

15  PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed

16  business expenses which include, but are not limited to, costs related to the use of their

17  personal cellular phones all on behalf of and for the benefit of DEFENDANT.  Further,

18  PLAINTIFF and other CALIFORNIA CLASS Members are also not reimbursed or

19  indemnified by DEFENDANT for the cost associated with using their personal vehicles

20  while performing for DEFENDANT.  As a result, in the course of their employment with

21  DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred

22  unreimbursed business expenses which include, but are not limited to, costs related to

23  travel all on behalf of and for the benefit of DEFENDANT.

24      18.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the

25  other members of  the CALIFORNIA CLASS with complete and accurate wage

26  statements which fail to show, among other things, the correct amount of time worked,

27  including, work performed in excess of eight (8) hours in a workday and/or forty (40)

28  hours in any workweek.  Cal. Lab. Code § 226 provides that every employer shall

9

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA

1   furnish each of his or her employees with an accurate itemized wage statement in writing

2   showing, among other things, gross wages earned and all applicable hourly rates in effect

3   during the pay period and the corresponding amount of time worked at each hourly rate.

4   As a result, DEFENDANT provides PLAINTIFF and the other members of the

5   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

6       19.    By reason of this uniform conduct applicable to PLAINTIFF and all the

7   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition

8   in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200,

9   *et seq*. (the "UCL"), by engaging in a company-wide policy, practice and procedure

10  which fails to correctly classify PLAINTIFF and the CALIFORNIA CLASS Members

11  as employees.  The proper classification of these employees is DEFENDANT's burden.

12  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden,

13  DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

14  other CALIFORNIA CLASS Members and violated the California Labor Code and

15  regulations promulgated thereunder as herein alleged.

16      20.    Specifically as to PLAINTIFF, she has worked for DEFENDANT in

17  California as a Delivery Driver and has been classified by DEFENDANT as an

18  independent contractor June of 2017.  Upon hire, the position of a Deliver Driver was

19  represented by DEFENDANT to PLAINTIFF as an independent contractor position

20  capable of paying an flat rate for scheduled shifts assigned by DEFENDANT.

21  PLAINTIFF as a Delivery Driver, has been classified by DEFENDANT as an

22  independent contractor and thus does not receive pay for all time worked, including

23  overtime worked and does not receive reimbursement for all necessary business expenses

24  incurred on DEFENDANT's behalf.  During the CALIFORNIA CLASS PERIOD,

25  PLAINTIFF has also been required to perform work as ordered by DEFENDANT for

26  more than five (5) hours during a shift without receiving a meal or rest break as

27  evidenced by daily time reports for PLAINTIFF.  PLAINTIFF therefore forfeits meal

28  and rest breaks without additional compensation and in accordance with DEFENDANT's

1   strict corporate policy and practice which does not provide for mandatory meal and rest

2   breaks from time to time.  The amount in controversy for PLAINTIFF individually does

3   not exceed the sum or value of $75,000.

4

5                          **THE CALIFORNIA CLASS**

6        21.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

7   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

8   "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf

9   of a California class, defined as all individuals who worked for DEFENDANT in

10  California as Delivery Drivers and who were classified as independent contractors (the

11  "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior

12  to the filing of this Complaint and ending on the date as determined by the Court (the

13  "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim

14  of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

15       22.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

16  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

17  accordingly.

18       23.    All CALIFORNIA CLASS Members who performed and continue to

19  perform this work for DEFENDANT during the CALIFORNIA CLASS PERIOD are

20  similarly situated in that they are subject to DEFENDANT's uniform policy and

21  systematic practice that requires them to perform work without compensation as required

22  by law.

23       24.    DEFENDANT, as a matter of corporate, policy, practice and procedure, and

24  in violation of the applicable California Labor Code, Industrial Welfare Commission

25  ("IWC") Wage Order requirements, and the applicable provisions of California law,

26  intentionally, knowingly and willfully engages in a practice whereby DEFENDANT

27  unfairly, unlawfully and deceptively instituted a practice to ensure that all individuals

28  employed as independent contractors are not properly classified as non-exempt

                                        11

1  employees from the requirements of California Labor Code §§ 510, *et seq.*

2      25.    During the CALIFORNIA CLASS PERIOD, DEFENDANT uniformly

3  violated the rights of the PLAINTIFF and the CALIFORNIA CLASS Members under

4  California law, without limitation, in the following manners:

5      (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

6      Code §§ 17200, *et seq.* the ("UCL"), in that DEFENDANT, while

7      acting as employer, devised and implemented a scheme whereby

8      PLAINTIFF and the CALIFORNIA CLASS Members are forced to

9      unlawfully, unfairly and deceptively shoulder the cost of

10     DEFENDANT's wages for all unpaid wages, business related

11     expenses, and DEFENDANT's share of employment taxes, social

12     security taxes, unemployment insurance and workers' compensation

13     insurance;

14     (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

15     Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or

16     deceptively having in place company policies, practices and

17     procedures that uniformly misclassified PLAINTIFF and the

18     CALIFORNIA CLASS Members as independent contractors;

19     (c)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

20     Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or

21     deceptively failing to have in place a company policy, practice and

22     procedure that accurately determined the amount of working time

23     spent by PLAINTIFF and the CALIFORNIA CLASS Members

24     performing non-exempt employee labor;

25     (d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

26     Code §§ 17200, *et seq.* the ("UCL"), by failing to provide

27     PLAINTIFF and the other members of the CALIFORNIA CLASS

28     with all legally required meal and rest breaks;

(e)   Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*. the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)   Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq*., by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who are improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT.

26.   As a result of DEFENDANT's uniform policies, practices and procedures, there are numerous questions of law and fact common to all CALIFORNIA CLASS Members who worked for during the CALIFORNIA CLASS PERIOD. These questions include, but are not limited, to the following:

(a)   Whether PLAINTIFF and other CALIFORNIA CLASS Members are misclassified as independent contractors by DEFENDANT;

(b)   Whether the PLAINTIFF and the CALIFORNIA CLASS Members are afforded all the protections of the California Labor Code that apply when properly classified as non-exempt employees;

(c)   Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(d)   Whether DEFENDANT unlawfully fails to pay their share of state and federal employment taxes as required by state and federal tax laws;

(e)   Whether DEFENDANT's policy, practice and procedure of classifying the CALIFORNIA CLASS Members as independent contractors exempt from hourly wages laws for all time worked and failing to pay the CALIFORNIA CLASS Members all amounts due

13

1    violates applicable provisions of California State law;

2    (f)    Whether DEFENDANT unlawfully fails to keep and furnish the

3    CALIFORNIA CLASS Members with accurate records of all time

4    worked;

5    (g)    Whether DEFENDANT has engaged in unfair competition by the

6    above-listed conduct; and,

7    (h)    Whether DEFENDANT's conduct was willful.

8    27.    This Class Action meets the statutory prerequisites for the maintenance of

9    a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

10    (a)    The persons who comprise the CALIFORNIA CLASS are so

11    numerous that the joinder of all such persons is impracticable and the disposition of their

12    claims as a class will benefit the parties and the Court;

13    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

14    issues that are raised in this Complaint are common to the CALIFORNIA CLASS and

15    will apply uniformly to every CALIFORNIA CLASS Member;

16    (c)    The claims of the representative PLAINTIFF are typical of the claims

17    of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA

18    CLASS Members, was classified as an independent contractor upon hiring based on the

19    defined corporate policies and practices and labors under DEFENDANT's systematic

20    procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS

21    Members.    PLAINTIFF sustained economic injury as a result of DEFENDANT's

22    employment practices. PLAINTIFF and the CALIFORNIA CLASS Members were and

23    are similarly or identically harmed by the same unlawful, unfair, deceptive and

24    persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all

25    the CALIFORNIA CLASS Members that they were not entitled to minimum wages, the

26    employer's share of payment of payroll taxes and mandatory insurance, and

27    reimbursement for business expenses based on the defined corporate policies and

28    practices, and unfairly failed to pay these employees who were improperly classified as

14

1  independent contractors; and,

2         (d)    The representative PLAINTIFF will fairly and adequately represent

3  and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is

4  competent and experienced in Class Action litigation. There are no material conflicts

5  between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS

6  Members that would make class certification inappropriate. Counsel for the

7  CALIFORNIA CLASS will vigorously assert the claims of all employees in the

8  CALIFORNIA CLASS.

9       28.    In addition to meeting the statutory prerequisites to a Class Action, this

10  Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

11  and/or (3), in that:

12         (a)    Without class certification and determination of declaratory,

13  injunctive, statutory and other legal questions within the class format, prosecution of

14  separate actions by individual members of the CALIFORNIA CLASS will create the risk

15  of:

16             (i)    Inconsistent or varying adjudications with respect to individual

17  members of the CALIFORNIA CLASS which would establish incompatible standards

18  of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

19             (ii)    Adjudication with respect to individual members of the

20  CALIFORNIA CLASS which would as a practical matter be dispositive of the interests

21  of the other members not party to the adjudication or substantially impair or impeded

22  their ability to protect their interests.

23         (b)    The parties opposing the CALIFORNIA CLASS have acted on

24  grounds generally applicable to the CALIFORNIA CLASS making appropriate

25  class-wide relief with respect to the CALIFORNIA CLASS as a whole in that

26  DEFENDANT uniformly classified and treated the CALIFORNIA CLASS Members as

27  independent contractors and, thereafter, uniformly failed to take proper steps to

28  determine whether the CALIFORNIA CLASS Members were properly classified as

15

1   independent contractors, and thereby denied these employees wages and payments for

2   business expenses and the employer's share of payroll taxes and mandatory insurance as

3   required by law.

4          (i)      With respect to the First Cause of Action, the final relief on

5   behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution

6   because through this claim the PLAINTIFF seeks declaratory relief holding that

7   DEFENDANT's policies and practices constitute unfair competition, along with

8   incidental equitable relief as may be necessary to remedy the conduct declared to

9   constitute unfair competition.

10         (c)·     Common questions of law and fact exist as to members of the

11  CALIFORNIA CLASS with respect to the practices and violations of California and

12  federal law as listed above, and predominate over any question affecting only individual

13  members, and a Class Action is superior to other available methods for the fair and

14  efficient adjudication of the controversy, including consideration of:

15         (i)      The interest of the CALIFORNIA CLASS Members in

16  individually controlling the prosecution or defense of separate actions;

17         (ii)     The extent and nature of any litigation concerning the

18  controversy already commenced by or against members of the CALIFORNIA CLASS;

19         (iii)    In the context of wage litigation because as a practical matter

20  a substantial number of individual CALIFORNIA CLASS members will avoid asserting

21  their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect

22  an individual's job with DEFENDANT or with a subsequent employer, the Class Action

23  is the only means to assert their claims through a representative;

24         (iv)     The desirability or undesirability of concentration the litigation

25  of the claims in the particular forum;

26         (v)      The difficulties likely to be encountered in the management of

27  a Class Action; and,

28         (vi)     The basis of DEFENDANT's policies and practices uniformly

16

1    applied to all the CALIFORNIA CLASS Members.

2        29.    The Court should permit this Action to be maintained as a Class Action

3    pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

4        (a)    The questions of law and fact common to the CALIFORNIA CLASS

5    predominate over any question affecting only individual members;

6        (b)    A Class Action is superior to any other available method for the fair

7    and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

8        (c)    The CALIFORNIA CLASS Members are so numerous that it is

9    impractical to bring all CALIFORNIA CLASS Members before the Court;

10        (d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be

11    able to obtain effective and economic legal redress unless the action is maintained as a

12    Class Action;

13        (e)    There is a community of interest in obtaining appropriate legal and

14    equitable relief for the acts of unfair competition, statutory violations and other

15    improprieties, and in obtaining adequate compensation for the damages and injuries

16    which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

17        (f)    There is a community of interest in ensuring that the combined assets

18    and available insurance of DEFENDANT are sufficient to adequately compensate the

19    CALIFORNIA CLASS Members for any injuries sustained;

20        (g)    DEFENDANT has acted or has refused to act on grounds generally

21    applicable to the CALIFORNIA CLASS, thereby making final class-wide relief

22    appropriate with respect to the CLASS as a whole;

23        (h)    The members of the CALIFORNIA CLASS are readily ascertainable

24    from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all

25    DEFENDANT's Delivery Drivers in California classified as independent contractors

26    during the CALIFORNIA CLASS PERIOD and subjected to DEFENDANT's policies,

27    practices and procedures as herein alleged; and,

28        (i)    Class treatment provides manageable judicial treatment calculated to

17

FIRST AMENDED CLASS ACTION COMPLAINT

1  bring an efficient and rapid conclusion to all litigation of all wage and hour related

2  claims arising out of DEFENDANT's conduct as to the CALIFORNIA CLASS

3  Members.

4       30.    DEFENDANT maintains records from which the Court can ascertain and

5  identify by name and job title, each of DEFENDANT's employees who have been

6  systematically, intentionally and uniformly subjected to DEFENDANT's corporate

7  policies, practices and procedures as herein alleged.  PLAINTIFF will seek leave to

8  amend the complaint to include any additional job titles of similarly situated employees

9  when they have been identified.

10

11            **THE CALIFORNIA LABOR SUB-CLASS**

12      31.    PLAINTIFF further brings the Second, Third, Fourth and Fifth Causes of

13  Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

14  CLASS who are or previously were employed by DEFENDANT in California as

15  Delivery Drivers and who were classified as Independent Contractors (the

16  "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years

17  prior to the filing of the Complaint and ending on the date as determined by the Court

18  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc.

19  23(b)(2) and/or (3).    The amount in controversy for the aggregate claim of

20  CALIFORNIA LABOR SUB-CLASS Members is under five million dollars

21  ($5,000,000.00).

22      32.    DEFENDANT, as a matter of corporate policy, practice and procedure, and

23  in violation of the applicable California Labor Code ("Labor Code"), and Industrial

24  Welfare Commission ("IWC") Wage Order requirements intentionally, knowingly, and

25  wilfully, on the basis of job title alone and without regard to the actual overall

26  requirements of the job, systematically classified PLAINTIFF and the other members

27  of the CALIFORNIA LABOR SUB-CLASS as independent contractors in order to avoid

28  the payment of all wages, and in order to avoid the obligations under the applicable

18

1   California Labor Code provisions. To the extent equitable tolling operates to toll claims

2   by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA

3   LABOR SUB-CLASS PERIOD should be adjusted accordingly.

4        33.   DEFENDANT maintains records from which the Court can ascertain and

5   identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

6   SUB-CLASS Members have been systematically, intentionally and uniformly

7   misclassified as independent contractors as a matter of DEFENDANT's corporate policy,

8   practices and procedures. PLAINTIFF will seek leave to amend the complaint to include

9   these additional job titles when they have been identified.

10       34.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of

11   all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

12       35.   DEFENDANT, as a matter of corporate policy, practice and procedure,

13   erroneously classified all Delivery Drivers as independent contractors making these

14   employees exempt from California labor laws. All Delivery Drivers, including

15   PLAINTIFF, perform the same finite set of tasks and are paid by DEFENDANT

16   according to uniform and systematic company procedures, which, as alleged herein

17   above, fails to correctly pay minimum wage compensation. This business practice was

18   uniformly applied to each and every member of the CALIFORNIA LABOR SUB-

19   CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide

20   basis.

21       36.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

22   CLASS under California law by:

23           (a)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by

24                 misclassifying and thereby failing to pay PLAINTIFF and the

25                 members of the CALIFORNIA LABOR SUB-CLASS the correct

26                 minimum wages for which DEFENDANT is liable;

27           (b)   Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and

28                 thereby failing to pay PLAINTIFF and the members of the

1    CALIFORNIA LABOR SUB-CLASS the correct overtime pay for

2    a workday longer than eight (8) hours and/or a workweek longer

3    than forty (40) hours for which DEFENDANT is liable pursuant to

4    Cal. Lab. Code § 1194;

5    (c)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF

6    and the members of the CALIFORNIA LABOR SUB-CLASS who

7    are improperly classified as independent contractors with an accurate

8    itemized statement in writing showing the gross wages earned, the

9    net wages earned, all applicable hourly rates in effect during the pay

10    period and the corresponding amount of time worked at each hourly

11    rate by the employee; and,

12    (d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

13    and the CALIFORNIA CLASS members with necessary expenses

14    incurred in the discharge of their job duties.

15    37.    This Class Action meets the statutory prerequisites for the maintenance of

16    a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

17    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

18    are so numerous that the joinder of all CALIFORNIA LABOR SUB-

19    CLASS Members is impracticable and the disposition of their claims

20    as a class will benefit the parties and the Court;

21    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

22    issues that are raised in this Complaint are common to the

23    CALIFORNIA LABOR SUB-CLASS and will apply uniformly to

24    every member of the CALIFORNIA LABOR SUB-CLASS;

25    (c)    The claims of the representative PLAINTIFF are typical of the

26    claims of each member of the CALIFORNIA LABOR SUB-CLASS.

27    PLAINTIFF, like all other members of the CALIFORNIA LABOR

28    SUB-CLASS is improperly classified as an independent contractor

20

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA

1             and was thus denied minimum wage pay and meal and rest breaks,

2             among other things, as a result of DEFENDANT's systematic

3             classification practices. PLAINTIFF and all other members of the

4             CALIFORNIA LABOR SUB-CLASS sustained economic injuries

5             arising from DEFENDANT's violations of the laws of California;

6             and,

7    (d)    The representative PLAINTIFF will fairly and adequately represent

8             and protect the interest of the CALIFORNIA LABOR SUB-CLASS,

9             and has retained counsel who are competent and experienced in

10            Class Action litigation. There are no material conflicts between the

11            claims of the representative PLAINTIFF and the members of the

12            CALIFORNIA LABOR SUB-CLASS that would make class

13            certification inappropriate. Counsel for the CALIFORNIA LABOR

14            SUB-CLASS will vigorously assert the claims of all CALIFORNIA

15            LABOR SUB-CLASS Members.

16    38.    In addition to meeting the statutory prerequisites to a Class Action, this

17 action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

18 and/or (3), in that:

19    (a)    Without class certification and determination of declaratory,

20            injunctive, statutory and other legal questions within the class

21            format, prosecution of separate actions by individual members of the

22            CALIFORNIA LABOR SUB-CLASS will create the risk of:

23        1)    Inconsistent or varying adjudications with respect to

24                individual members of the CALIFORNIA LABOR SUB-

25                CLASS which would establish incompatible standards of

26                conduct for the parties opposing the CALIFORNIA LABOR

27                SUB-CLASS; or,

28        2)    Adjudication with respect to individual members of the

21

1    CALIFORNIA LABOR SUB-CLASS which would as a
2    practical matter be dispositive of interests of the other
3    members not party to the adjudication or substantially impair
4    or impede their ability to protect their interests.

5    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have
6    acted or refused to act on grounds generally applicable to the
7    CALIFORNIA LABOR SUB-CLASS, making appropriate class-
8    wide relief with respect to the CALIFORNIA LABOR SUB-CLASS
9    as a whole in that the DEFENDANT uniformly classified and treated
10    the members of the CALIFORNIA LABOR SUB-CLASS as
11    independent contractors and, thereafter, uniformly failed to take
12    proper steps to determine whether the CALIFORNIA LABOR SUB-
13    CLASS Members were properly classified as independent
14    contractors, and thereby denied these employees the protections
15    afforded to them under the California Labor Code;

16    (c)    Common questions of law and fact predominate as to the members
17    of the CALIFORNIA LABOR SUB-CLASS, with respect to the
18    practices and violations of California law as listed above, and
19    predominate over any question affecting only individual
20    CALIFORNIA LABOR SUB-CLASS Members, and a Class Action
21    is superior to other available methods for the fair and efficient
22    adjudication of the controversy, including consideration of:

23    1)    The interests of the members of the CALIFORNIA LABOR
24    SUB-CLASS in individually controlling the prosecution or
25    defense of separate actions in that the substantial expense of
26    individual actions will be avoided to recover the relatively
27    small amount of economic losses sustained by the individual
28    CALIFORNIA LABOR SUB-CLASS Members when

22

1    compared to the substantial expense and burden of individual

2    prosecution of this litigation;

3        2)    Class certification will obviate the need for unduly duplicative

4    litigation that would create the risk of:

5            A.    Inconsistent or varying adjudications with respect to

6    individual members of the CALIFORNIA LABOR

7    SUB-CLASS, which would establish incompatible

8    standards of conduct for the DEFENDANT; and/or,

9            B.    Adjudications with respect to individual members of

10    the CALIFORNIA LABOR SUB-CLASS would as a

11    practical matter be dispositive of the interests of the

12    other members not parties to the adjudication or

13    substantially impair or impede their ability to protect

14    their interests;

15        3)    In the context of wage litigation because a substantial number

16    of individual CALIFORNIA LABOR SUB-CLASS Members

17    will avoid asserting their legal rights out of fear of retaliation

18    by DEFENDANT, which may adversely affect an individual's

19    job with DEFENDANT or with a subsequent employer, the

20    Class Action is the only means to assert their claims through

21    a representative; and,

22        4)    A class action is superior to other available methods for the

23    fair and efficient adjudication of this litigation because class

24    treatment will obviate the need for unduly and unnecessary

25    duplicative litigation that is likely to result in the absence of

26    certification of this action pursuant to Fed. R. Civ. Proc.

27    23(b)(2) and/or (3).

28    39.    This Court should permit this action to be maintained as a Class Action

23

pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

    (f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

    (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

24

1   making final class-wide relief appropriate with respect to the
2   CALIFORNIA LABOR SUB-CLASS as a whole;

3   (h)   The members of the CALIFORNIA LABOR SUB-CLASS are
4         readily ascertainable from the business records of DEFENDANT.
5         The CALIFORNIA LABOR SUB-CLASS consists of all
6         CALIFORNIA CLASS Members who are or previously were
7         employed by DEFENDANT in California as Delivery Drivers and
8         classified as independent contractors during the CALIFORNIA
9         LABOR SUB-CLASS PERIOD; and,

10  (i)   Class treatment provides manageable judicial treatment calculated to
11        bring a efficient and rapid conclusion to all litigation of all wage and
12        hour related claims arising out of the conduct of DEFENDANT.

13

14                     **JURISDICTION AND VENUE**

15      40.    This Action is brought as a Class Action on behalf of similarly situated
16  employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

17      41.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §
18  1391 because (i) DEFENDANT conducts and conducted substantial business within this
19  judicial district and maintains offices in this judicial district, (ii) the causes of action
20  alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT
21  committed wrongful conduct against members of this class in this district. Venue is also
22  proper in this district because the complaint was initially filed in the Superior Court of
23  California, County of San Diego, but was later removed by DEFENDANT to this Court.

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

42.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

44.    Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

45.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and

1  for the payment of the employer's share of income taxes, social security taxes,

2  unemployment insurance and workers' compensation insurance.

3      46.    By the conduct alleged herein DEFENDANT has obtained valuable

4  property, money, and services from PLAINTIFF, and the other members of the

5  CALIFORNIA CLASS, and has deprived them of valuable rights and benefits

6  guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to

7  allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is necessary

8  to prevent and remedy this unfair competition, and pecuniary compensation alone would

9  not afford adequate and complete relief.

10     47.    All the acts described herein as violations of, among other things, the

11 California Labor Code, California Code of Regulations and the Industrial Welfare

12 Commission Wage Orders, were unlawful, are in violation of public policy, are immoral,

13 unethical, oppressive, and unscrupulous, and are likely to deceive employees, and

14 thereby constitute deceptive, unfair and unlawful business practices in violation of Cal.

15 Bus. and Prof. Code §§ 17200, *et seq.*

16     48.    By the conduct alleged herein, DEFENDANT's practices are deceptive and

17 fraudulent in that DEFENDANT's uniform policy and practice is to represent to the

18 CALIFORNIA CLASS Members that they are not entitled to overtime and minimum

19 wages, payment for payroll taxes or mandatory insurance and other benefits as required

20 by California law, when in fact these representations are false and likely to deceive and

21 for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus.

22 & Prof. Code § 17203, including restitution of wages wrongfully withheld.

23     49.    By the conduct alleged herein, DEFENDANT's practices are also unlawful,

24 unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF

25 and the other members of the CALIFORNIA CLASS to be underpaid during their

26 employment with DEFENDANT.

27     50.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

28 entitled to, and do, seek such relief as may be necessary to restore to them the money and

1    property which DEFENDANT has acquired, or of which PLAINTIFF and the other

2    members of the CALIFORNIA CLASS have been deprived, by means of the above

3    described unlawful and unfair business practices, including earned but unpaid wages for

4    all time worked.

5        51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

6    further entitled to, and do, seek a declaration that the described business practices are

7    unlawful, unfair and deceptive, and that injunctive relief should be issued restraining

8    DEFENDANT from engaging in any unlawful and unfair business practices in the future.

9        52.    By the conduct alleged herein, DEFENDANT's practices are also unlawful,

10   unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures

11   fail to provide all legally required meal and rest breaks to PLAINTIFF and the other

12   members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

13       53.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

14   CALIFORNIA CLASS member, minimum wages, payment for the employer's share of

15   payroll taxes and mandatory insurance, and one (1) hour of pay for each workday in

16   which an off-duty meal period was not timely provided for each five (5) hours of work,

17   and/or one (1) hour of pay for each workday in which a second off-duty meal period was

18   not timely provided for each ten (10) hours of work.

19       54.    PLAINTIFF further demands on behalf of herself and each member of the

20   CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which

21   a rest period was not timely provided as required by law.

22       55.    By and through the unlawful and unfair business practices described herein,

23   DEFENDANT has obtained valuable property, money and services from PLAINTIFF

24   and the other members of the CALIFORNIA CLASS, including earned wages for all

25   time worked and has deprived them of valuable rights and benefits guaranteed by law

26   and contract, all to the detriment of these employees and to the benefit of DEFENDANT

27   so as to allow DEFENDANT to unfairly compete against competitors who comply with

28   the law.

56.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices.

58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

59.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

60. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

62. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

63. Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

64. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

65. DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked. As set forth herein, DEFENDANT's uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

66. DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS

1    as a whole, as a result of implementing a uniform policy and practice that denied

2    accurate compensation to PLAINTIFF and the other members of the CALIFORNIA

3    LABOR SUB-CLASS in regards to minimum wage pay.

4        67.    In committing these violations of the California Labor Code, DEFENDANT

5    inaccurately calculates the correct time worked and consequently underpays the actual

6    time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-

7    CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned

8    wages, and other benefits in violation of the California Labor Code, the Industrial

9    Welfare Commission requirements and other applicable laws and regulations.

10        68.    As a direct result of DEFENDANT's unlawful wage practices as alleged

11    herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

12    do not receive the correct minimum wage compensation for their time worked for

13    DEFENDANT.

14        69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF

15    and the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for

16    time worked that they are entitled to, constituting a failure to pay all earned wages.

17        70.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

18    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR

19    SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the

20    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

21    economic injury in amounts which are presently unknown to them and which will be

22    ascertained according to proof at trial.

23        71.    DEFENDANT knew or should have known that PLAINTIFF and the other

24    members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their

25    time worked.    DEFENDANT systematically elected, either through intentional

26    malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA

27    LABOR SUB-CLASS Members for their labor as a matter of uniform company policy,

28    practice and procedure, and DEFENDANT perpetrated this systematic scheme by

1     refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2     CLASS the correct minimum wages for their time worked.

3         72.     In performing the acts and practices herein alleged in violation of California

4     labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

5     SUB-CLASS for all time worked and provide them with the requisite compensation,

6     DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

7     toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

8     with a conscious of and utter disregard for their legal rights, or the consequences to them,

9     and with the despicable intent of depriving them of their property and legal rights, and

10     otherwise causing them injury in order to increase company profits at the expense of

11     these employees.

12         73.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

13     CLASS therefore request recovery of all unpaid wages, according to proof, interest,

14     statutory costs, as well as the assessment of any statutory penalties against

15     DEFENDANT, in a sum as provided by the California Labor Code and/or other

16     applicable statutes. To the extent minimum wage compensation is determined to be

17     owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

18     employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and

19     therefore these individuals are also be entitled to waiting time penalties under Cal. Lab.

20     Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR

21     SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful,

22     intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA

23     LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Wages**

**[Cal. Lab. Code §§ 510, 1194, & 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

74.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

75.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by DEFENDANT's employees.

76.    By virtue of DEFENDANT's unlawful failure to pay compensation to PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and CALIFORNIA CLASS Members have suffered, and will continue to suffer, an economic in amounts which are presently unknown to them and which can be ascertained according to proof at trial.

77.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA CLASS Members are misclassified as independent contractors and DEFENDANT's systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

78.    PLAINTIFF and the CALIFORNIA CLASS Members therefore request recovery of all compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California

33

1  Labor Code and/or other statutes.  To the extent overtime compensation is determined

2  to be owed to the CALIFORNIA CLASS Members who have terminated their

3  employment, these employees would also be entitled to waiting time penalties under Cal.

4  Lab. Code § 203, which penalties are sought herein.  Further, PLAINTIFF and the

5  CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory

6  costs.

7         79.    In performing the acts and practices herein alleged in violation of California

8  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

9  SUB-CLASS for all overtime worked and provide them with the requisite overtime

10  compensation, DEFENDANT acted and continues to act intentionally, oppressively, and

11  maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR

12  SUB-CLASS with a conscious of and utter disregard for their legal rights, or the

13  consequences to them, and with the despicable intent of depriving them of their property

14  and legal rights, and otherwise causing them injury in order to increase corporate profits

15  at the expense of these employees.

16

17  **FOURTH CAUSE OF ACTION**

18  **For Failure to Provide Accurate Itemized Statements**

19  **[Cal. Lab. Code § 226]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21  **Defendants)**

22         80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein,  the

24  prior of this Complaint.

25         81.    Cal. Labor Code § 226 provides that an employer must furnish employees

26  with an "accurate itemized statement in writing showing:

27      (1) gross wages earned,

28      (2) total hours worked by the employee, except for any employee whose

1    compensation is solely based on a salary and who is exempt from payment of

2    overtime under subdivision (a) of Section 515 or any applicable order of the

3    Industrial Welfare Commission,

4    (3) the number of piecerate units earned and any applicable piece rate if the

5    employee is paid on a piece-rate basis,

6    (4) all deductions, provided that all deductions made on written orders of the

7    employee may be aggregated and shown as one item,

8    (5) net wages earned,

9    (6) the inclusive dates of the period for which the employee is paid,

10    (7) the name of the employee and his or her social security number, except that by

11    January 1, 2008, only the last four digits of his or her social security number or

12    an employee identification number other than a social security number may be

13    shown on the itemized statement,

14    (8) the name and address of the legal entity that is the employer, and

15    (9) all applicable hourly rates in effect during the pay period and the

16    corresponding number of hours worked at each hourly rate by the employee."

17    82.    From time to time, DEFENDANT violated Labor Code § 226, in that

18    DEFENDANT failed and continues to fail to properly and accurately itemize the amount

19    of time worked by PLAINTIFF, and the other members of the CALIFORNIA LABOR

20    SUB-CLASS at the effective rates of pay.    DEFENDANT also violated Labor Code

21    Section 226 in that DEFENDANT fails to properly and accurately itemize the amount

22    of penalties paid to PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS

23    Members when they miss their meal and rest breaks.    Aside from the violations listed

24    above in this paragraph, DEFENDANT fails to issue PLAINTIFF an itemized wage

25    statement that lists all the requirements under California Labor Code §226 *et. seq.*

26    83.    DEFENDANT knowingly and intentionally fails to comply with Labor

27    Code § 226, causing damages to PLAINTIFF, and the other members of the

28    CALIFORNIA LABOR SUB-CLASS.    These damages include, but are not limited to,

1   costs expended calculating the true amount of time worked and the amount of

2   employment taxes which were not properly paid to state and federal tax authorities.

3   These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members

4   of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of

5   $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

6   violation in subsequent pay period pursuant to Labor Code § 226, in an amount

7   according to proof at the time of trial (but in no event more than $4,000.00 for

8   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS

9   herein).

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

84.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

85.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

86.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT fails to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited to, the cost associated with the use of their personal cellular phones for

36

1  DEFENDANT's benefit.  In order to work as a Deliver Driver for DEFENDANT,

2  PLAINTIFF and other CALIFORNIA CLASS Members are required to use

3  DEFENDANT's mobile application and as such it is mandatory to have a cell phone that

4  is compatible with DEFENDANT's mobile application.  As a result, in the course of

5  their employment with DEFENDANT, PLAINTIFF and other members of the

6  CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which

7  include, but are not limited to, the costs related to the use of their personal cellular

8  phones all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and

9  other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or

10  indemnified by DEFENDANT for the cost associated with using their personal vehicles

11  while making deliveries for DEFENDANT.   As a result, in the course of their

12  employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA

13  CLASS incurred unreimbursed business expenses which include, but are not limited to,

14  costs related to travel all on behalf of and for the benefit of DEFENDANT.  These

15  expenses are necessary to complete their principal job duties. DEFENDANT is estopped

16  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these

17  expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA

18  LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse

19  PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses

20  as an employer is required to do under the laws and regulations of California.

21      87.    PLAINTIFF therefore demands reimbursement for expenditures or losses

22  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the

23  discharge of their job duties for DEFENDANT, or their obedience to the directions of

24  DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

25

26

27

28

### SIXTH CAUSE OF ACTION

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, et seq.]**

**(By Plaintiff and Against All Defendants)**

88.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-87, supra, as though fully set forth at this point.

89.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.  In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1.

90.    Plaintiff, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to herself and  all individuals who are or previously were employed by DEFENDANT as Delivery Drivers and classified as independent contractors in California during the time period of August 9, 2016 until the present (the "AGGRIEVED EMPLOYEES").

91.    On August 11, 2017, Plaintiff gave written notice by electronic mail to the Labor and  Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein. The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, Plaintiff  may now

38

Case 3:17-cv-01889-WQH-JMA   Document 9   Filed 10/17/17   PageID.127   Page 39 of 42

1    commence a representative civil action under PAGA pursuant to Section 2699 as the

2    proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as

3    herein defined.

4        92.    The policies, acts and practices heretofore described were and are an

5    unlawful business act or practice because Defendant (a) failed to properly record and pay

6    Plaintiff and the other AGGRIEVED EMPLOYEES for all of the hours they worked,

7    including overtime hours in violation of the Wage Order, (b) failed to provide accurate

8    itemized wage statements, and (c) failed to timely pay wages, all in violation of the

9    applicable Labor Code sections listed in Labor Code §2699.5, including but not limited

10   to Labor Code §§ 204, 226(a), 226.7, 226.8, 256, 510, 512, 558, 1194, 1197, 1197.1,

11   1198, 2802  and the applicable Industrial Wage Order(s), and thereby gives rise to

12   statutory penalties as a result of such conduct.  Plaintiff hereby seeks recovery of civil

13   penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the

14   representative of the State of California for the illegal conduct perpetrated on Plaintiff

15   and the other AGGRIEVED EMPLOYEES.

16

17                        **<u>PRAYER FOR RELIEF</u>**

18        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly

19   and severally, as follows:

20   1.    On behalf of the CALIFORNIA CLASS:

21        A)    That the Court certify the First Cause of Action asserted by the

22             CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc.

23             23(b)(2) and/or (3);

24        B)    An order temporarily, preliminarily and permanently enjoining and

25             restraining DEFENDANT from engaging in similar unlawful conduct as set

26             forth herein;

27        C)    An order requiring DEFENDANT to pay minimum wages and all sums

28             unlawfuly withheld from compensation due to PLAINTIFF and the other

FIRST AMENDED CLASS ACTION COMPLAINT

<u>Case No. 3:17-cv-01889-WQH-JMA</u>

1          members of the CALIFORNIA CLASS; and,

2    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

3          fund for restitution of the sums incidental to DEFENDANT's violations

4          due to PLAINTIFF and to the other members of the CALIFORNIA

5          CLASS.

6    2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

7    A)   That the Court certify the Second, Third, Fourth and Fifth Causes of Action

8          asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

9          pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

10   B)   Compensatory damages, according to proof at trial, including compensation

11         due PLAINTIFF and the other members of the CALIFORNIA LABOR

12         SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS

13         PERIOD plus interest thereon at the statutory rate;

14   C)   The wages of all terminated individuals in the CALIFORNIA LABOR

15         SUB-CLASS as a penalty from the due date thereof at the same rate until

16         paid or until an action therefore is commenced, in accordance with Cal.

17         Lab. Code § 203;

18   D)   The greater of all actual damages or fifty dollars ($50) for the initial pay

19         period in which a violation occurs and one hundred dollars ($100) per each

20         member of the CALIFORNIA LABOR SUB-CLASS for each violation in

21         a subsequent pay period, not exceeding an aggregate penalty of four

22         thousand dollars ($4,000), and an award of costs for violation of Cal. Lab.

23         Code § 226; and,

24   E)   The amount of the expenses PLAINTIFF and each member of the

25         CALIFORNIA LABOR SUBCLASS incurred in the course of their job

26         duties, plus interest, and costs of suit.

27   3.   On behalf of the State of California and with respect to all AGGRIEVED

28   EMPLOYEES:

1   A) Recovery of civil penalties as prescribed by the Labor Code Private

2 Attorneys

3   General Act of 2004

4 4. On all claims:

5   A) An award of interest, including prejudgment interest at the legal rate;

6   B) Such other and further relief as the Court deems just and equitable; and,

7   C) An award of penalties, attorneys' fees and cost of suit, as allowable under

8     the law, including, but not limited to, pursuant to Labor Code §218.5, §226

9     and/or §1194, and/or §2802.

10

11 Dated: October 17, 2017   BLUMENTHAL, NORDREHAUG & BHOWMIK

               LLP

12

13         By: */s/ Norman Blumenthal*

14           Norman B. Blumenthal

           Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: October 17, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK
                                     LLP
5

6
                                     By:   */s/ Norman Blumenthal*
7                                          Norman B. Blumenthal
                                           Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 3:17-cv-01889-WQH-JMA