EXHIBIT Q

```
JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
BURTON EMPLOYMENT LAW
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
e-mail: jburton@burtonemploymentlaw.com
e-mail: snakama@burtonemploymentlaw.com
```

**FILED BY FAX**
ALAMEDA COUNTY
October 05, 2018
CLERK OF
THE SUPERIOR COURT
By Dajuana Turner, Deputy
CASE NUMBER:
**RG18923557**

Attorneys for Plaintiff LINDA LUCKETT

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| LINDA LUCKETT as an "aggrieved employee" under California Labor Code Private Attorneys General Act,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>AMAZON LOGISTICS, INC., a Delaware Corporation; AMAZON.COM LLC; and AMAZON.COM, INC., and DOES 1 through 50, inclusive<br><br>　　　　　Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(1) Violation of California Labor Code § 226.8 (misclassification of employees) -PAGA<br>(2) Violation of California Labor Code § 2802 (failure to reimburse for expenses) - PAGA<br>(3) Violation of California Labor Code §§ 204, 1194 and 1194.2 (Unpaid Minimum Wages); - PAGA<br>(4) Violation of Labor Code § 226.7, 512 (Meal Periods); - PAGA<br>(5) Violation of Labor Code § 226.7 and Applicable Wage Order (Rest Periods) - PAGA<br>(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); PAGA<br>(7) Violation of California Labor Code §§ 201, 202 and 203 (Failure to pay all wages upon discharge or resignation); a |

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

1

Plaintiff LINDA LUCKETT ("Plaintiff"), on behalf of herself and all aggrieved employees, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims based on, among other statutes, California Labor Code §§ 201-203, 226(a), 226.7, 226.8, 512, 1194, 1194.2, 2699 *et seq.*, and 2802. Plaintiff has complied with all requirements set forth in California Labor Code § 2699.3 before commencing a civil action seeking Labor Code § 2699 penalties. The statute of limitations was tolled while Plaintiff complied with California Labor Code § 2699.3 during the time period when Plaintiff gave written notice by online filing with the California Labor and Workforce Development Agency and by certified mail to Defendants Amazon.com, Inc., Amazon Logistics, Inc. and Amazon.com LLC (collectively "Amazon Defendants") and 33 days after the postmark date of the notice.

2. The Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, incorporated in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself to the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this Court under California Code of Civil Procedure § 395.5 because Alameda County is where the employment contract between Plaintiff and Defendants was made or was performed, or where the obligation or liability arose, or the breach o

## PARTIES AND BACKGROUND

4. Plaintiff LINDA LUCKETT ("Plaintiff') is a California resident. Plaintiff is a former employee of Defendants. Plaintiff, and all other aggrieved employees, are or were employed as drivers by Defendants in the State of California within one year preceding the filing of the Complaint.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

5. Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com LLC are Delaware corporations doing business in Alameda County, California, with offices in Alameda County, and at all times hereinafter mentioned, are employers whose employees are engaged throughout this county and the State of California.

6. Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com LLC are in the business of providing and delivering retail products to consumers. Defendants employed Plaintiff and other aggrieved employees as drivers to deliver the products purchased by consumers.

7. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive and, therefore, sues them by those fictitious names. Plaintiff prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

8. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50 are the partners, agents, owners, shareholders, managers or employees of the Amazon Defendants and were acting on behalf of the Amazon Defendants at all relevant times.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to the Amazon Defendants, and DOES 1 through 50 (collectively "DEFENDANTS"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

10. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all other Defendants in proximately causing the injuries herein alleged.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

12. Plaintiff was jointly employed by Defendants as an Amazon Flex driver from approximately July 2017 to September 2, 2017, at a purported pay rate of $20 per hour. Her job duties included delivering packages with her vehicle. Plaintiff was required to use an Amazon mobile Flex application to perform her duties as the application provided her with detailed driving instructions. Plaintiff was also required to submit pictures to document her deliveries via the mobile application using her phone.

13. Via Plaintiff's telephone, Defendants informed Plaintiff shifts or blocks that were available for her to work. After Plaintiff signed up for a block or shift via the mobile application, Plaintiff drove to Defendants' offices to receive the packages. While there, Plaintiff was required to wait in line until the barcodes of each package was scanned. At the end of her shift, Plaintiff was required to report back to office to return any undelivered packages. This required waiting in a line until the barcodes of the undelivered packages were scanned. Although Plaintiff often worked longer hours than her assigned shift or block, Defendants only paid her for the shift or block that she initially agreed to work. As a result, Defendants failed to compensate Plaintiff for all of the time that she worked.

14. Although Plaintiff was an employee, Defendants misclassified Plaintiff and other aggrieved employees as independent contractors. This was despite the fact that (1) Plaintiff and other aggrieved employees were not free from the control and direction of Defendants in the performance of the work; (2) Plaintiff and other aggrieved employees did not perform work that was

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

outside the usual course of the hiring entity's business; and (3) Plaintiff and other aggrieved employees were not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for Defendants.

15. Defendants failed to provide Plaintiff and other aggrieved employees with rest periods as required by the applicable wage order and Labor Code § 226.7. Moreover, Defendants failed to compensate Plaintiff and other aggrieved employees with premium pay for missed rest periods as required.

16. Defendants failed to provide Plaintiff and other aggrieved employees with meal periods as required by Labor Code §§ 226.7, 512 and the applicable wage order. Moreover, Defendants failed to compensate Plaintiff and other aggrieved employee with premium pay for missed meal periods.

17. Plaintiff and other aggrieved employees were required to use their personal cell phones and their personal vehicles to perform their job duties. Defendants failed to reimburse Plaintiff and other aggrieved employees for the use of their personal cell phone and their travel expenses.

18. During her employment, Defendants failed to provide Plaintiff and other aggrieved employees with wage statements that complied with Labor Code § 226(a).

19. On or about September 2, 2017, Plaintiff was terminated from her employment with Defendants. When she was terminated, Plaintiff did not receive her final pay on the last day of employment as required by Labor Code § 201. Plaintiff is further informed and believes that when employees resigned from employment, Defendants failed to provide them with their final wages within 72 hours of employment as required by Labor Code § 203.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

5

### PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

20. The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code section 2698 et seq., is and at all times relevant, was applicable to Plaintiff's employment with Defendants.

21. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

22. Plaintiff was employed by Defendants, and the alleged violations were committed against her in relation to her employment with Defendants. Plaintiff is, therefore, an aggrieved employee as defined by Labor Code section 2699(c). Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

23. Pursuant to Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

24. Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under the PAGA after the following requirement have been met:

    a. The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

 b. The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to postmark date of the Employee's Notice. Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice or if the Employer does not provide notice of cure of curable violations within 33 days of receipt of Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25. On November 29, 2017, Plaintiff provided written notice by online filing to the LWDA and by certified mail to the Amazon Defendants of specific provisions of the Labor Code alleged to have been violated by the Amazon Defendants, including the facts and theories to support the alleged violations.

26. As of October 5, 2018, the LWDA has not provided Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code. Further, the Amazon Defendants did not provide notice of cure within 33 days of receipt of the Employee's notice Accordingly, Plaintiff has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover civil penalties under the PAGA, in addition to other remedies.

27. Pursuant to Labor Code section 2699.3(d), the aforementioned 33 day or 65-day "exhaustion period" is not counted as part of the time limited for the commencement of a civil action to recover civil penalties under the PAGA.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

# FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 226.7
(Misclassification as Independent Contractor – PAGA)
### Against Defendants

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth.

29. Pursuant to Labor Code section 226.7, it is unlawful for a person or employer to willfully misclassify an individual as an independent contractor.

30. If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law. Labor Code § 226.8(b).

31. If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law. Labor Code § 226.8(c).

32. During the relevant time period(s) and as set forth above, Defendants willfully misclassified Plaintiff as an independent contractor.

33. Plaintiff requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

---

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

## SECOND CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 2802
(Failure to Reimburse for Business Expenses)
Against All Defendants

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth.

35. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

36. At all times, Plaintiff and other aggrieved employees had to incur necessary expenditures and losses including, but not limited to, transportation costs, bridge fees, parking fees, reasonable cell phone expenses, insurance, and vehicle maintenance costs, to discharge their regular duties. Defendants failed to reimburse and/or indemnify Plaintiff and other aggrieved employees for reasonable expenditures and losses incurred in the discharge of their duties.

37. Plaintiff requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## THIRD CAUSE OF ACTION
(California Labor Code §§ 204, 1194.1, 1994.2, 1197.1
(California Labor Code §§ 226(a))
(Against All Defendants)

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth.

39. From January 1, 2017 until December 31, 2017, the California minimum wage was $10.50 per hour.

---

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

9

40. By requiring Plaintiff and other aggrieved employees to work off the clock, Defendants intentionally failed to pay Plaintiff and other aggrieved employees the California minimum wage.

41. California Labor Code § 1194(a) provides:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

42. California Labor Code § 1194.2(a) provides that in any action under 1194 "to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

43. California Labor Code § 1197.1(a) provides the following:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:
    (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period in which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
    (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. The amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
    (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee. If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

44. Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

45. During the relevant time period, Defendants failed to pay Plaintiff in a timely manner her wages earned, in violation of Labor Code section 204.

46. Plaintiff requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### FOURTH CAUSE OF ACTION
### (California Labor Code §§ 226.7, 512)
### (Against All Defendants

47. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth.

48. At all relevant times, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's and other aggrieved employees' employment by Defendants.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

49. At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

50. At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of no less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

51. At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52. During the relevant time period, Plaintiff and other aggrieved employees who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

53. Plaintiff is informed and believes that during the relevant time period, aggrieved employees who were scheduled to work in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

54. Plaintiff is informed and believes that during the relevant time period, other aggrieved employees who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

55. During the relevant time period, Defendants willfully required Plaintiff and other aggrieved employees to work during meal periods and failed to compensate Plaintiff and other aggrieved employees for work performed during meal periods.

56. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees the full meal premium due pursuant to California Labor Code § 226.7.

57. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

58. By their actions alleged herein, Defendants failed to provide their California employees with meal breaks as required by California Labor Code §§ 226.7, 512.

59. Plaintiff requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### FIFTH CAUSE OF ACTION
**(California Labor Code §§ 226.7, 8 CCR § 11090(12))**
**(Against All Defendants)**

60. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth.

61. At all relevant times, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's and other aggrieved employees' employment by Defendants.

62. At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

63. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

64. During the relevant time period, Defendants required Plaintiff and other aggrieved employees to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked or major part thereof.

65. During the relevant time period, Defendants willfully denied Plaintiff and other aggrieved employees rest periods and failed to compensate Plaintiff and class members for work performed.

66. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees the full rest period premium due pursuant to California Labor Code § 226.7.

67. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

68. By their actions alleged, Defendants failed to provide their California employees with rest periods as required by California Labor Code § 226.7 and 8 CCR § 11090(12).

69. Plaintiff requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

## SIXTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226(a), 226.3
### (Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)
### Against Defendants

70. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth.

71. Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4) all deductions, provided that all deductions make on written orders of the employee may be aggregated and shown on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]"

72. During the relevant time period(s) and as set forth above, Defendants failed to provide accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section 226(a).

73. Labor Code section 226.3 provides the following in pertinent part: "[a]ny employer who violates subdivision (a) Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

74. Defendants failed to provide Plaintiff wage deductions statements and failed to keep the records required by Labor Code section 226(a).

75. Wherefore, Plaintiff hereby requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

### SEVENTH CAUSE OF ACTION
### (California Labor Code §§ 201, 202)
### (Against All Defendants)

76. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

77. At all relevant times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages, shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

78. During the relevant time period, Defendants willfully failed to pay Plaintiff and aggrieved employees who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

79. Defendants' failure to pay Plaintiff and those aggrieved employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

80. California Labor Code § 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

81. Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by Defendants and against whom one or more of the alleged violations was committed.

82. Plaintiff complied with the requirements set forth in California Labor Code § 2699.3 before commencing this action.

83. By their actions alleged herein, Defendants failed to provide their California employees with their final paycheck immediately upon discharge or resignation as required by California Labor Code §§ 201 and 202.

84. Wherefore, Plaintiff requests the civil penalties, attorney's fees and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

///

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For statutory and civil penalties pursuant to Labor Code §§ 226.3, 226.8, 558, 1197.1(a), 2699(a) and (f),

2. Attorneys' fees and costs under Labor Code § 2699(g); and

3. For other such relief as the court deems just and proper.

Burton Employment Law

Dated: October 5, 2018          By: _____
                                    Jocelyn Burton
                                    Attorneys for Plaintiff
                                    Linda Luckett

COMPLAINT, LUCKETT v. AMAZON LOGISTICS, INC.

18