EXHIBIT R

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Please see attachment.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Adriana Ponce, on behalf of herself and all others similarly situated



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

NOV - 1 2018

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Marin | *(Número del Caso):* |
| 3501 Civil Center Drive | CIV 180393 7 |
| San Rafael, CA 94903 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Burton, SBN 178400, Hersh and Hersh, 601 Van Ness Ave., Ste. 2080, San Francisco, CA 94102

JAMES M. KIM

| DATE: | NOV 1 2018 | Clerk, by | E. CHAIS | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Amazon.com, Services Inc, a Delaware corporation
    under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

(FAXED)  

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ponce v. Amazon.com Services, Inc., et al. | |

**ATTACHMENT** *(Number):* <u>Summons (1)</u>

*(This Attachment may be used with any Judicial Council form.)*

Defendants:

Amazon.com, Services, Inc., a Delaware Corporation; Amazon Logistics, Inc., a Delaware Corporation; Alain Monie, a California Resident; John Brown, a California Resident; William Gordon, a California Resident; and Does 1-100, inclusive.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page <u>1</u> of <u>1</u>

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Burton (SBN 178400) Montana Baker (319491)<br>Hersh and Hersh<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102<br>TELEPHONE NO.: 415-441-5544   FAX NO.: 415-441-7586<br>ATTORNEY FOR (Name): Plaintiff | RECEIVED<br>MARIN COUNTY SA<br>SUPERIOR COURT<br><br>2018 NOV -1 A II: 31 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

CASE NAME:
Ponce v. Amazon.com, Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIV 1803937 |
| | | | JUDGE: |
| | | | DEPT: PAUL M. HAAKENSON |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 1, 2018
Montana Baker
_____           _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

FAXED

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

MARK E. BURTON, JR. (SBN 178400)
MONTANA BAKER (SBN 319491)
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6316
(415) 441-5544
(415) 441-7586 Facsimile

*Attorneys for Plaintiff ADRIANA PONCE
and the Proposed Class*



FILED

NOV - 1 2018

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

| | |
|---|---|
| ADRIANA PONCE, on behalf of herself and all others that are similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC, a Delaware Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; ALAIN MONIE, a California Resident; JOHN BROWN, a California Resident; WILLIAM GORDON, a California Resident; and DOES 1-100, inclusive.<br><br>          Defendants. | Case No. CV 1803937<br><br>**CLASS ACTION COMPLAINT**<br>1. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES** (Lab. Code § 2802)<br>2. **FAILURE TO PAY MINIMUM WAGE (Lab. Code §§ 1197, 1194, 1194.2)**<br>3. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512)<br>4. **FAILURE TO PAY OVERTIME (Lab. Code §§ 510, 1194, 1197)**<br>5. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Lab. Code §§ 226, 1174, 1174.5)**<br>6. **FAILURE TO PAY WAGES WHEN DUE & WAITING TIME PENALTIES (Lab. Code §§ 201, 202, 203, 204, 1194)**<br>7. **VIOLATION OF THE UNFAIR COMPETITION LAW (Bus. & Prof. Code § 17200 et seq.,)**<br><br>**DEMAND FOR JURY TRIAL** |

FAXED

COPY

- 1 -

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff ADRIANA PONCE on behalf of herself and all others that are similarly situated (collectively "Plaintiffs") bring this action against Defendants Amazon.com Services, Inc.; Amazon Logistics, Inc.; Alain Monie; John Brown; William Gordon; and Does 1-100 (collectively "Defendants" or "Amazon"), and allege on information and belief as follows:

## A. <u>INTRODUCTION</u>

1.    This case is brought on behalf of individuals who work or have worked as delivery drivers for Defendants in the State of California, who contracted directly with Amazon and who were classified by Amazon as independent contractors. Plaintiffs became delivery drivers by signing up for Amazon Flex, a program in which e-commerce giant, Amazon, pays individuals to deliver packages from their personal vehicles. At the heart of Plaintiffs' complaint is the allegation that Amazon has misclassified them as independent contractors, when they are actually employees, and therefore Amazon has repeatedly violated the California Labor Code ("Labor Code"); California Industrial Welfare Commission ("IWC") Wage Order No. 9 and the California Business and Professions Code.

2.    Plaintiffs brings this lawsuit as a class action and assert violations of the California Labor Code, the IWC wage orders, and the Unfair Competition Law ("UCL"), arising from Defendants' unlawful conduct, including: (1) failure to reimburse for business expenses; (2) failure to pay minimum wage; (3) failure to provide meal and rest periods; (4) failure to pay for overtime; (5) failure to furnish accurate wage statements and keep accurate payroll records, (6) failure to promptly pay wages when due and waiting time penalties, and (7) violation of the unfair competition law.

3.    Plaintiffs seek compensation for all hours worked; all penalties; liquidated damages; and other damages permitted by law; restitution and disgorgement of all benefits obtained by Defendants from their unlawful business practices; injunctive and

- 2 -

HERSH AND HERSH
A Professional Corporation

declaratory relief; punitive damages, all forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

## B. **PARTIES**

4.     Plaintiff ADRIANA PONCE ("Ms. PONCE" or "Plaintiff"), is an individual and is, and was at all relevant times herein, employed as a delivery driver by Defendants. Ms. Ponce, at all relevant times herein, performed timed deliveries in California for Defendants, with more than half of her deliveries made to Amazon customers in Marin County.

5.     Defendant Amazon.com, Services Inc. is a Delaware corporation and conducts business throughout the State of California, including the County of Marin. At all relevant times herein, it has been a covered entity or employer within the meaning of the California Labor Code and the California Industrial Welfare Commission.

6.     Defendant Amazon Logistics, Inc. is a Delaware corporation and conducts business throughout the State of California, including the County of Marin. On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Services Inc., and delivery drivers, including Plaintiffs have contracted directly with Amazon.com, Inc. through Amazon Logistics, Inc. Collectively, Amazon.com, Inc. and Amazon Logistics, Inc. are hereinafter referred to as "Amazon" or "Defendants."

7.     Defendant Alain Monie ("Mr. Monie), is an individual and is, and was at all relevant times herein, a resident of the State of California. Pursuant to Labor Code section 558.1, Mr. Monie is, and was at all relevant times herein, an owner, director, officer, or managing agent of Amazon.com, Services Inc. In particular, Mr. Monie, in his corporate capacity, acted on behalf of Amazon and exercised substantial independent authority and judgment so that his decisions ultimately determined Amazon's corporate policy, including but not limited to the Amazon Flex program.

- 3 -

8.    Defendant John Brown ("Mr. Brown), is an individual, and was at all relevant times herein, a resident of the State of California. Pursuant to Labor Code section 558.1, Mr. Brown was at all relevant times herein, an owner, director, officer, or managing agent of Amazon.com, Services Inc. In particular, Mr. Brown, in his corporate capacity, acted on behalf of Amazon and exercised substantial independent authority and judgment so that his decisions ultimately determined Amazon's corporate policy, including but not limited to the Amazon Flex program.

9.    Defendant William Gordon ("Mr. Gordon), is an individual and is, and was at all relevant times herein, a resident of the State of California. Pursuant to Labor Code section 558.1, Mr. Gordon was at all relevant times herein, an owner, director, officer, or managing agent of Amazon.com, Services Inc. In particular, Mr. Gordon, in his corporate capacity, acted on behalf of Amazon and exercised substantial independent authority and judgment so that his decisions ultimately determined Amazon's corporate policy, including but not limited to the Amazon Flex program.

10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Cal. Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Hereinafter Defendants and the DOE Defendants shall be referred to collectively as "Defendants."

11.    At all times mentioned, Defendants, and each of them, were the agents, alter egos, servants, joint venturers, joint employers or employees for each other, and acted with the consent of his/her said Co-Defendants, and acted within the course,

- 4 -

purpose and scope of said agency, service or employment and said conduct was ratified by Defendants, and each of them.

12.    At all relevant times herein, the California Labor Code and IWC Wage Order No. 9 governed the employment relationship between Plaintiffs and Defendants.

## C. FACTUAL ALLEGATIONS

13.    Defendant Amazon is an online retailer that provides delivery service of consumer and electronic goods to customers of the Amazon.com website and the Amazon mobile application.

14.    Amazon Flex is a delivery program in which Amazon hires individuals to complete Amazon deliveries using the Amazon Flex mobile application ("Flex App"). To qualify to be a driver for the Amazon Flex Program, an individual (hereinafter referred to as "Flex Drivers") needs to have a smartphone, have access to a qualifying vehicle, show proof of auto insurance and pass a background check. Once hired, Flex Drivers are required to watch 19 training videos that describe the job, show them how to use the Flex App to scan packages, and show them how to pick up and drop off deliveries.

15.    Amazon pays Flex Drivers a fixed amount per delivery shift. Specifically, Flex Drivers log onto the Flex App and select a block of hours that Amazon has designated as available for a fixed payout. Available shifts typically vary from 2-6 hours in length. Defendants pay Flex Drivers twice each week via direct deposit.

16.    Amazon and the Flex App initiate almost everything a Flex Driver does during their shift. Amazon controls which shifts are available for each Plaintiff and prohibits Plaintiffs from viewing and selecting certain shifts on a daily and weekly basis. Then, Flex Drivers select an available block of time and begin their shift by arriving at an Amazon distribution center and swiping "I've Arrived" on the Flex App. The Flex App then shows the driver how to navigate to each package drop-off location. Once the driver has arrived to a delivery destination, they scan the package with the Flex App and place it

- 5 -

in a safe area. After completing all deliveries, the Flex Drivers end their shift in the Flex App.

17.    However, if a package cannot be delivered, for example, if there is an unknown gate code or a driver cannot enter an apartment complex, the Flex Driver will mark the delivery as undeliverable. If a Flex Driver is unable to complete all deliveries, they must return the uncompleted packages to the pick up station, for no additional compensation.

## WORKER MISCLASSIFICATION

18.    Amazon contracts directly with Flex Drivers and although they are classified as independent contractors, these delivery drivers are actually employees. In fact, pursuant to the California Supreme Court's recent ruling in *Dynamex Operations West, Inc., v. Superior Court*, all Plaintiffs should be classified as employees for the following reasons:

(A) Plaintiffs are not, and were not, free from the control and direction of Defendants in connection with the performance of their delivery services. For instance, Plaintiffs receive *unpaid* training regarding how to scan packages appropriately, how to interact with customers and how to handle issues they may encounter while making deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take. Defendants even control which and how many shifts a Plaintiff can view and select on a daily or weekly basis. Plaintiffs must also follow requirements and rules imposed on them by Amazon, and are subject to termination at Amazon's discretion for their failure to adhere to these requirements, including timeliness in making deliveries, scanning of packages, and their conduct with customers. Lastly, Defendants hired Plaintiffs to fulfill contractual obligations with customers, who maintain particular requirements for customer service. Accordingly, Defendants have an incentive to control the means and manner of Plaintiffs' service.

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12

HERSH AND HERSH
A Professional Corporation

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(B) Plaintiffs perform work that is within the usual course of Defendants' business. Specifically, Amazon is primarily in the business of providing delivery service to customers, and that is the delivery service that Plaintiffs provide. Plaintiffs' delivery services are therefore fully integrated into Amazon's business.

(C) Plaintiffs are *not* customarily engaged in an independently established trade, occupation, or business that is of the same nature as the work performed by Defendants. Pursuant to Defendants' uniform policy, Defendants do not require Amazon Flex delivery drivers to possess any skill above and beyond that necessary to obtain a normal driver's license, and Plaintiffs in fact do not possess any specialized skill. In addition, Plaintiffs operate no distinct business of their own, and are supervised by Defendants through supervisors located at Amazon's distribution centers.

(D) Plaintiffs perform essentially the same tasks in the same manner as the delivery drivers who are classified as employees by the courier companies Amazon contracts with to deliver packages.

19.    Defendants saved vast sums of money by not paying for Plaintiffs' overtime labor, expenses and payroll taxes, allowing them to reap enormous profits, at Plaintiffs' expense, to expand their business.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES

20.    Based on Defendants' classification of Plaintiffs as independent contractors, Defendants require Flex Drivers to pay for the business expenses necessary to perform their job. These expenses include, but are not limited to, the cost of purchase of Plaintiffs' cell phones and related cell phone costs, such as cell phone data, call and/or text messaging expenses. Plaintiffs are also responsible for the cost of purchase of Plaintiffs' vehicle, vehicle maintenance, fuel, auto insurance and other vehicle operating costs, including costs of tools and other equipment necessary to perform services.

///

- 7 -

## MINIMUM WAGE VIOLATIONS

21.    Defendants advertise that Flex Drivers can make between $18-$25 an hour. However, because Plaintiffs are classified as independent contractors, Amazon requires Flex Drivers to pay for the business expenses necessary to perform their job. In light of the business expenses the Flex Drivers bear in order to perform their jobs, Plaintiffs' hourly wages often fall below the State of California's minimum wage, and/or the local minimum wage requirements of the cities the drivers delivered to.

22.    Defendants pay Flex Drivers by the delivery block with a fixed payout amount. However, it often takes Flex Drivers more time to complete their deliveries than the scheduled block estimate. Nonetheless, Flex Drivers do not receive additional compensation for this extra time. Moreover, if a package is undeliverable, Flex Drivers are required to return the uncompleted packages to the pick up station, for no additional compensation. Defendants' failure to compensate Plaintiffs for this unpaid time further pushes Plaintiffs' wages below the state and/or local minimum wage.

## MEAL AND REST BREAK VIOLATIONS

23.    Flex Drivers log onto the Flex App and select a block of hours that can range from 2-6 hour blocks. As a result, some Plaintiffs worked shifts that exceeded more than 3.5 hours, and did so, without being permitted to take a 10-minute paid rest period. In addition, Defendants did not provide Plaintiffs with an additional hour of pay for each workday that a rest period was not provided.

24.    In addition, Flex Drivers that worked shifts longer than 5 hours per day, did so without receiving adequate off-duty meal periods of at least thirty 30 minutes during which they were relieved of all duties. In addition, Defendants did not provide Plaintiffs with an additional hour of pay for each workday that a proper meal period was not provided.

///

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## OVERTIME VIOLATIONS

25.    Flex Drivers are permitted to work multiple shifts a day, as well as multiple shifts a week, but are not permitted to take their two mandated 10-minute rest breaks. For overtime purposes, California law assumes that within an 8-hour shift an employee has been permitted to take two paid 10-minute rest breaks. As a result, when an employee is not permitted to take either required rest break, each break is considered overtime.

26.    Therefore, in this action, every time a Flex Driver works at least 8 hours in a single day and is deprived of their two 10-minute rest breaks, they are entitled to 1.5 times their regular rate for the additional 20 minutes of work they performed without compensation.

## FAILURE TO PAY ALL WAGES DUE

27.    By failing to compensate Plaintiffs for all hours worked, Defendants have and continue to violate Labor Code section 204, which requires employers to pay their employees full wages when due.

28.    Some of the Plaintiffs no longer work for Defendants and therefore they have willfully failed to make timely payment of wages due at the time of termination or separation.

29.    By failing to compensate Plaintiffs for all of the time they worked, Defendants knowingly and intentionally failed to provide accurate, itemized wage statements, including hours worked, as required under Labor Code section 226(a).

## D. CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this lawsuit as a class action on behalf of herself and all other similarly situated members of the proposed class defined below pursuant to the Code of Civil Procedure section 382. This action satisfies the Ascertainability,

- 9 -

HERSHANDHERSH
A Professional Corporation

Numerosity, Commonality, Typicality, Adequacy, Predominance and Superiority requirements of class actions. The Class is defined as follows:

31. All delivery drivers who have contracted directly with Amazon to be Flex Drivers in the State of California from September 2014 to the present day, and who may choose to opt in to this case.

32. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

## NUMEROSITY AND ASCERTAINABILITY

33. The Class is comprised of hundreds, if not thousands, of individuals, which makes joinder impracticable, and, additionally, Plaintiff does not know all of the identities of all the Class members.

34. The Class is comprised of an easily ascertainable set of persons who worked for Defendants as delivery drivers for the Amazon Flex program. Class members are easily identifiable from records maintained by, and in the possession and control of, the Defendants or otherwise readily obtained from third parties.

## COMMUNITY OF INTEREST

35. There is a well-defined community of interest among Class members, and the disposition of the claims of these Class members in a single action will provide substantial benefits to all parties and to the Court.

## TYPICALITY

36. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all Class members, was not paid in accordance with California law and suffered damages as a result.

- 10 -

37.    Moreover, the factual bases of Defendants' misconduct are common to all Class members, and Defendants' actions resulted in damages to all members of the Class.

## PREDOMINANCE OF COMMON ISSUES

38.    There are numerous questions of law and fact common to all Class members and those questions predominate over any questions that may affect only individual Class members, including, but not limited to the following:

a.    Whether Defendants' misclassified Plaintiffs as independent contractors;

b.    Whether Defendants' conduct violated the California Labor Code violations pled herein;

c.    Whether Defendants' conduct violated Business and Professions Code Section 17200, *et seq.*;

d.    Whether Plaintiff and the Class are entitled to equitable relief, and, if so, the nature of such relief; and

e.    Whether compensatory and other damages should be awarded to Plaintiff and Class members.

## ADEQUACY

39.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel highly experienced in prosecuting class actions.

40.    Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of Class members and have the resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class.

## SUPERIORITY

41.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the relatively small size of the individual Class members' claims, absent a class action most Class members would

- 11 -

HERSH AND HERSH
A Professional Corporation

likely find the cost of litigating their claims against Defendants to be prohibitive. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

42.    The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of this labor problem.

## E. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Reimburse for Business Expenses**
**(Labor Code § 2802)**

43.    Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

44.    The conduct of Defendants, as alleged herein, violated California Labor Code § 2802, which provides that an employer must reimburse employees for all reasonable and necessary expenses incurred in carrying out the lawful directions of the employer.

45.    At all relevant times, while acting on the direct instruction of Defendants, Plaintiff and similarly situated Flex Drivers incurred work related expenses. These expenses include the cost of purchase of Plaintiffs' cell phones and related cell phone costs, such as cell phone data, call and/or text messaging expenses. As well as the cost of purchase of Plaintiffs' vehicle, vehicle maintenance, fuel, auto insurance and other vehicle operating costs, including costs of tools and other equipment necessary to perform services.

46.    Defendants have failed and fail to indemnify or in any manner reimburse Plaintiffs for the incurred necessary expenditures and losses. Defendants' requiring Plaintiffs to pay expenses and costs incurred in direct consequence of the discharge of

their duties for Defendants and/or in obedience of Defendants' directions is in violation of Cal. Labor Code §2802.

47.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered losses according to proof, including prejudgment interest pursuant to Cal. Labor Code §2802, subdivision (b), and costs and attorneys' fees pursuant to Cal. Labor Code §2802, subdivision (c), in the prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### Failure to Pay the Minimum Wage
(Labor Code §§ 1197, 1194, 1194.2)

48.    Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

49.    At all times relevant times herein, Labor Code section 1197 and the Industrial Welfare Commission Minimum Wage Order were in full force and effect and required that Defendants' pay their California Flex Drivers the minimum wage for all hours worked.

50.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest on those amounts, pursuant to California Labor Code §218.6.

51.    Nevertheless, during the relevant period herein, Defendants willfully and intentionally employed a practice of classifying Plaintiffs as independent contractors, thereby requiring Plaintiffs to pay for the business expenses necessary to perform their job. In addition, even though it often took Plaintiffs more time to complete their deliveries than their shift allotted for, Defendants did not provide Plaintiffs with additional compensation for this extra time. Moreover, if a package was undeliverable,

- 13 -
CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Defendants employed a practice of requiring Plaintiffs to return the uncompleted packages to the pick up station, for no additional compensation.

52. Therefore, in light of these business expenses, and uncompensated additional work, Defendants caused Plaintiffs' hourly wages to often fall below the minimum wage.

53. As a result, due to Defendants' unlawful failure and refusal to pay Plaintiffs the minimum wage as required by law, Plaintiffs have suffered damages in amounts to be proven at trial and are entitled to all appropriate remedies provided by the Labor and IWC Wage Orders, including liquidated damages, attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods**
**(Labor Code §§ 226.7, 512)**

54. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

55. At all relevant times herein, some Plaintiffs were compelled to provide services to Defendants without being provided an opportunity to take their mandated meal and rest breaks. Plaintiffs were thus deprived of their meal and rest breaks in violation of California Labor Code sections 226.7 and 512.

56. Plaintiffs were not "exempt" employees under the California Labor Code or IWC Wage Order No. 9.

57. Defendants knew or should have known that Plaintiffs were working without meal and rest breaks and were not compensated for that time. Defendants' failure to compensate Plaintiffs for meal and rest breaks was systematic, willful, knowing and intentional.

- 14 -

HERSHANDHERSH
A Professional Corporation

58.    Plaintiffs have been damaged by Defendants' intentional and knowing refusal to compensate them for work performed during their meal and rest breaks and seek compensation and penalties for all missed breaks in accordance with California Labor Code Section 226.7, along with appropriate damages, injunctive relief and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime
### (Labor Code §§ 510, 1194, 1197)

59.    Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

60.    At all times relevant times herein, Labor Code sections 510, 1194, and 1197, as well as the Industrial Welfare Commission were in full force and effect and required Defendants' to pay overtime compensation when due to all non-exempt employees for all hours worked over 40 per week and over 8 hours per day.

61.    Plaintiffs are non-exempt employees and are entitled to be paid proper compensation for all hours worked, including overtime hours worked.

62.    For overtime purposes, California law assumes that within an 8-hour shift an employee has been permitted to take two paid 10-minute rest breaks. As a result, when an employee is not permitted to take one or either required rest break, that time is considered overtime. Therefore, because Plaintiffs worked at least 8 hours in a single day and were deprived of their two 10-minute rest breaks, they are entitled to 1.5 times their regular rate for the additional 20 minutes of work they performed.

63.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendants in an amount to be

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Wage Statements
### (Labor Code §§ 226, 1174, 1174.5)

64. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

65. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements, including, *inter alia*, gross wages, net wages earned, hours worked and hourly rates, to Plaintiffs as required by California Labor Code Section 226(a). Such failure caused injury to Plaintiffs by, among other things, impending them from knowing the amount of wages to which they are and were entitled. At all relevant times herein, Defendants failed to maintain records of hours worked by Plaintiffs as required under Labor Code Section 1174(d).

66. Plaintiffs are not "exempt" employees under the California Labor Code or IWC Wage Order No. 9.

67. Plaintiffs are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code Sections 226(a) and 1174(d), and further seek all actual and statutory damages available for these violations under Labor Code Sections 226(e) and 1174.5.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION
### Failure to Pay All Wages When Due &
### Waiting Time Penalties
### (Labor Code §§ 201, 202, 203, 204, 1194)

68. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

- 16 -

69.    By failing to compensate Plaintiffs for all time worked, Defendants have and continue to violate Labor Code section 204, which requires that Defendants pay their employees their full wages when due.

70.    Pursuant to Labor Code Section 1194, Plaintiffs are entitled to recover from Defendants all unpaid wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

71.    Some Plaintiffs are no longer working for Defendants. By failing to compensate Plaintiffs as required by California law at any time during the previous four or more years pursuant to the applicable statute of limitation and tolling provisions, Defendants also have willfully failed to make timely payment of the full wages due, at the time they terminated employment with Defendants; and thereby Defendants have violated Labor Code Sections 201 and 202.

72.    As a consequence of Defendants' willful failure to pay wages due to each such employee following separation from employment as required by Labor Code §§ 201 and 202, Plaintiffs whose employment ended prior to the filing of this case and continuing through the date of class certification are entitled to recover from Defendants waiting time penalties, pursuant to Labor Code section 203, equal to a day's wages, for up to 30 days.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

### SEVENTH CAUSE OF ACTION
**Violation of Unfair Competition Law**
**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

73.    Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

74. The conduct of Defendants, as alleged herein, violated the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, et seq.

75. Plaintiffs allege that the unfair and unlawful business practices complained of herein are and were the regular business practice of Defendants.

76. Through Defendants' failures to pay legally required wages when due, to provide itemized statements of hours worked with payments of wages, to reimburse Plaintiffs for expenses they incurred at the direction of Defendants, and other conduct alleged herein, Defendants have violated numerous specific provisions of California law and have engaged in, and continue to engage in, unlawful and unfair business practices in violation of the UCL, depriving Plaintiffs of rights, benefits, and privileges guaranteed to all employees under law, and have caused Plaintiffs to suffer injury in fact and to lose money.

77. Plaintiffs are informed and believe, and based upon such information and belief allege, that by engaging in the unfair and unlawful business practices complained of herein, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers and businesses with which it competes.

78. California Business and Professions Code Section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiffs. Therefore, Plaintiffs are entitled to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains. Plaintiffs seek restitution and damages of all unpaid wages and reimbursement for business expenses, owed to them, according to proof, as well as all other available equitable relief.

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

79.   Injunctive relief pursuant to California Business and Professions Code Section 17203 is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint. Defendants and/or persons acting in concert with Defendants have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiffs for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiffs unless Defendants are immediately restrained from committing further illegal acts.

80.   Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action. Therefore Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code Section 218, 218.5, and 1194, and California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### F. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.   A declaratory judgment that the policies and practices complained of herein are unlawful under the laws of California;

B.   Appropriate equitable and injunctive relief to remedy Defendants' violations of the laws of California, including but not necessarily limited

- 19 -

HERSH AND HERSH
A Professional Corporation

to an order enjoining Defendants from continuing their unlawful policies and practices;

C.    An award of damages, statutory penalties, and restitution to be paid by Defendants according to proof;

D.    General damages according to proof;

E.    Pre-Judgment and Post-Judgment interest, as provided by law;

F.    Such other injunctive and equitable relief as the Court may deem just and proper;

G.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code Section 218.5 and 1194, California Code Civil Procedure Section 1021.5, and other applicable laws.

## G. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims to which a right to jury trial exists.

DATED:    October 29, 2018        HERSH & HERSH
                                  A Professional Corporation


                        By:_____
                            Mark E. Burton, Jr.
                            Montana Baker
                            *Attorneys for Plaintiff Adriana Ponce*
                            *and the Proposed Class*

- 20 -

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

| PLAINTIFF: *Adriana Ponce* | CASE NO. CIV 1803937 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: *Amazon.com et al* | (Pursuant to Government Code Section 68600 et seq.) |

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge _Haakenson_ in Courtroom _E_

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service _1/16/19_ 8:30 / 9:00 A.M.

   Failure to Answer _2/14/19_ 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on _3/21/19_ 8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference.  **(Late filing may result in the issuance of sanctions.)**

*Distribution:  Original - Court File;  Canary - Plaintiff*

| CV006 | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** (Pursuant to Government Code § 68600 et seq.) | Rev. 7/15/15 |
|---|---|---|

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case.

## ADVANTAGES OF ADR

### Save Time
A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

### Save Money
When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

### Increase Control Over the Process and the Outcome
In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

### Preserve Relationships
ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

### Increase Satisfaction
In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

---

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, <u>**you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**</u>