# EXHIBIT V

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Joshua S. Falakassa (SBN 295045)
jfalakassa@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
11/07/2018 at 02:28:12 PM
Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JENNIFER ROMERO, as an individual and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 30-2018-01031789-CU-OE-CXC<br><br>**REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 et seq.)**<br><br>**DEMAND FOR JURY TRIAL<br>UNLIMITED CIVIL CASE**<br><br>Assigned:  Judge Randall J. Sherman<br>Dept:  CX105 |

Plaintiff Jennifer Romero ("Plaintiff") on behalf of herself and all other aggrieved employees, hereby brings this Representative Action Complaint against Defendants Amazon.com Services, Inc., a Delaware Corporation; Amazon Logistic, Inc., a Delaware Corporation; and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.  Plaintiff, on behalf of herself and all other aggrieved employees, hereby brings this representative action for recovery of civil penalties under California Labor Code §§ 2698 *et seq.*

2.  This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California market so as to render the exercise of jurisdiction over them by the California courts consistent with the traditional notions of fair play and substantial justice.

## VENUE

3.  Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Orange. Further, at all times relevant herein Plaintiff was employed by Defendants within the County of Orange.

## PARTIES

4.  Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a California resident, residing in the County of Orange. During the one year immediately preceding the filing of this Representative Action Complaint and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt Delivery Driver, although Defendants misclassified Plaintiff and other aggrieved employees as independent contractors.

5.  Plaintiff is informed and believes, and based thereon alleges, that during the one year preceding Plaintiff's notification of Defendants and the California Labor and Workforce Development Agency ("LWDA") of Defendants' violations of the California Labor Code and

1  Plaintiff's intent to bring a claim for civil penalties under California Labor Code §2698 *et seq.*, as discussed *infra,* and continuing to the present, Defendants, headquartered in Seattle, Washington, did (and continue to do) business in the State of California as the largest online retailer in the world, by selling consumer goods online and delivering good to customers within a two-hour window based on orders placed by Defendants' customers online. Defendants employed Plaintiff and other, similarly-situated non-exempt Delivery Drivers within, among other counties, Orange County and the State of California, and, therefore, were (and are) doing business in Orange County and the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and the County of Orange, and were the employers of Plaintiff and the Aggrieved employees (as defined in Paragraph 11).

7. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Representative Action Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Aggrieved employees (as defined in Paragraph 11) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and the aggrieved employees (as defined in Paragraph 11).

9. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each

of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and the Aggrieved employees (as defined in Paragraph 11).

## REPRESENTATIVE ACTION ALLEGATIONS

11. Plaintiff worked for Defendants as a Delivery Driver from approximately February 2017 through March 2018. During this time, Plaintiff was improperly and willfully classified as an independent contractor by Defendants. The "aggrieved employees" whom Plaintiff seeks to represent are the other employees of Defendants who were subject to the Labor Code violations as alleged herein.

12. Defendants' customers place their orders on a variety of Defendants' online applications and typically pick a two-hour delivery window. Defendants have expanded into more than ten metropolitan areas nationwide, including Los Angeles, Orange County, San Diego and San Francisco Bay Area. Last year alone Defendants shipped more than five billion packages to customers. In light of the increased costs associated with delivering billions of packages, Defendants introduced Amazon Flex Program, which allows anyone with a car and smartphone to "[b]e your own [b]oss" delivering packages for Amazon with "great earnings" and "flexible hours."

13. As part of their job duties, Plaintiff and other aggrieved employees were and are required to sign up for and download the Amazon Flex application ("Amazon Flex"). Defendants required Plaintiff and other aggrieved employees to undergo a background check, watch training videos, and provide tax and payment details all through Amazon Flex. Defendants, by and through Amazon Flex, facilitate the delivery process from the customer's initial order through delivery. Amazon promises users: "Dedicated teams of people working from urban fulfillment centers (and local stores and restaurants) will deliver orders." Amazon customers can then use the Amazon

application to track the progress/route of their deliveries from the Amazon fulfillment centers to their home in real-time.

14. Defendants exercise complete control over the work performed and manner and means in which the work is performed. Plaintiff and other aggrieved employees are required to scan each package into Amazon Flex for real time tracking and follow the designated routes set by Defendants. Defendants also instruct Plaintiff and other non-exempt Delivery Drivers as to how to conduct themselves with Defendants' customers, what time to make their deliveries, how to scan packages, and how to properly pick up and return packages at Defendants' delivery stations. Plaintiff and other aggrieved employees can be penalized or terminated for missing scheduled shifts or delivering packages late.

15. At all relevant times, Plaintiff and other aggrieved employees' job duties included, but were not limited to, picking up packages from Defendants' delivery stations across California, and delivering said packages directly to Amazon customers. Plaintiff and other aggrieved employees also picked up orders directly from local stores/restaurants and delivered them to Amazon customers.

16. Due to the varied and often distant delivery drop off locations, and unpredictable traffic conditions, it was often necessary for Plaintiff and other aggrieved employees to work beyond their scheduled delivery blocks, and therefore, more than 8 hours per work day and/or more than 40 hours per work week. As a result, Plaintiff and other aggrieved employees regularly worked in excess of eight hours per work day and/or more than forty hours per work week, but did not receive overtime compensation equal to one and one-half times their regular rate of pay for working overtime hours. Instead, Plaintiff and other aggrieved employees were paid based on a flat hourly rate.

17. Furthermore, Defendants never tracked the total hours worked by Plaintiff and other aggrieved employees and required Plaintiff and other aggrieved employees to make deliveries outside of the predetermined block hours for which they were paid. For shifts during which Plaintiff and other aggrieved employees were compensated solely by way of hourly compensation, Plaintiff and other aggrieved employees were not separately compensated for

additional time spent beyond the set delivery block hours. As a result, Plaintiff and other aggrieved employees did not receive overtime compensation for shifts worked longer than 8 hours, and were not paid at least the minimum wage for all hours worked.

18. In addition, Defendants failed to provide Plaintiff and other aggrieved employees with all statutorily-mandated meal periods, due to Defendants' unlawful meal period policies and/or practices, which failed to provide a meal period when Plaintiff and other aggrieved employees worked shifts in excess of 5.0 hours. In the event that a required meal period was not in fact provided, Defendants never paid Plaintiff and other aggrieved employees the meal period premiums required by Labor Code § 226.7.

19. Defendants also failed to authorize and permit Plaintiff and aggrieved employees to take all required rest periods because, on information and belief, Defendants do not maintain a lawful rest period policy, and Plaintiff and other aggrieved employees were not authorized or permitted to take rest periods. In the event that a required rest period was not in fact provided, Defendants never paid Plaintiff and other aggrieved employees the rest period premiums required by Labor Code § 226.7.

20. Furthermore, as part of their job duties, Plaintiff and other aggrieved employees were and are required to have and use their own personal vehicle and smartphone with "specific requirements." Plaintiff and other aggrieved employees incurred vehicle and other necessary business-related expenses, including the expense of buying/leasing a vehicle, fuel, mileage, insurance, tools and other expenses. Plaintiff and other aggrieved employees were never reimbursed for these business expenses.

21. As a result of Defendants' failure to pay all overtime and minimum wages, and failure to pay meal and rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate wage statements, and did not pay Plaintiff and other aggrieved employees all wages owed at the time of their separation from employment with Defendants.

22. As a result of Defendants' misclassification of Ms. Romero and other aggrieved employees as independent contractors, Defendants also failed to record the actual hours worked by Ms. Romero and other aggrieved employees and also failed to pay all wages owned at the time

of separation from employment with Defendants.

23. Based on the foregoing, Plaintiff seeks to represent herself and all aggrieved employees, as defined by Labor Code § 2699(c).

## FIRST CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT
## (AGAINST ALL DEFENDANTS)

24. Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

25. Defendants have committed several Labor Code violations against Plaintiff and other aggrieved employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of herself and other aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff and other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to, $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

    a. Failing to pay Plaintiff and other aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198;

    b. Failing to pay minimum wages for all hours worked to Plaintiff and other aggrieved employees in violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1198;

    c. Failing to provide all statutorily-mandated meal periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees in violation of Labor Code §§ 226.7 and 512;

    d. Failing to authorize and permit all legally required rest periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees in violation of Labor Code §§ 226.7 and 516;

    e. Failing to reimburse Plaintiff and other aggrieved employees for all necessary work expenses incurred in violation of Labor Code §§ 2802 and 2804;

7
PAGA REPRESENTATIVE ACTION COMPLAINT

  f. Failing to furnish Plaintiff and other aggrieved employees with complete, accurate, and itemized wage statements in violation of Labor Code § 226;

  g. Failing to timely pay all final wages due to Plaintiff and other aggrieved employees upon separation of employment in violation of Labor Code §§ 201- 203;

  h. Failing to pay Plaintiff and other aggrieved employees all earned wages at least twice during each calendar month in violation of Labor Code § 204; and

  i. Failing to maintain accurate records on behalf of Plaintiff and other aggrieved employees in violation of Labor Code § 1174.

26. On or about August 27, 2018, Plaintiff notified Defendants Amazon.com, Services, Inc., and Amazon Logistics, Inc., via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq*. with respect to violations of the California Labor Code identified in Paragraph 25 (a)-(i). Now that sixty-five days have passed from Plaintiff notifying Defendants of these violations, Plaintiff has exhausted her administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

27. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which she is entitled to receive under California Labor Code § 2699.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. Upon the First Cause of Action, for civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully

withheld; (2) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (3) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (4) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations;

2.  On all causes of action, for attorneys' fees and costs as provided by Labor Code § 2699(g), and Code of Civil Procedure § 1021.5; and

3.  For such other and further relief the Court may deem just and proper.

Dated: November 7, 2018

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>Paul K. Haines (SBN 248226) <br>Haines Law Group, APC <br>222 N. Sepulveda Blvd., Suite 1550 <br>El Segundo, CA 90245 <br>TELEPHONE NO.: 424-292-2350   FAX NO.: 424-292-2355 <br>ATTORNEY FOR (Name): Plaintiff Jennifer Romero | FOR COURT USE ONLY <br><br>**ELECTRONICALLY FILED** <br>Superior Court of California, <br>County of Orange <br><br>11/07/2018 at 02:28:12 PM <br><br>Clerk of the Superior Court <br>By Sarah Loose, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange <br>STREET ADDRESS: 751 West Santa Ana Blvd. <br>MAILING ADDRESS: same <br>CITY AND ZIP CODE: Santa Ana, 92701 <br>BRANCH NAME: Civil Complex Center | |
| CASE NAME: <br>Jennifer Romero v. Amazon.com Services, Inc., et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: <br>30-2018-01031789-CU-OE-CXC |
|---|---|---|
| [✓] Unlimited  [ ] Limited <br>(Amount  (Amount <br>demanded  demanded is <br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randall J. Sherman <br>DEPT: CX105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 1: Civil Penalties Under the Private Attorneys General Act
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 7, 2018
Paul K. Haines
(TYPE OR PRINT NAME)                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition