UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M HOYT, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | Case No. 19-cv-00218-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION TO DISMISS, STAY OR TRANSFER THE ACTION** <br><br> Re: Dkt. No. 16 |

Plaintiff Sean M. Hoyt, Jr. sues Amazon.com, Inc. and Amazon Logistics, Inc. (together, "Amazon") pursuant to the Private Attorneys General Act, California Labor Code § 2698, *et seq.*, alleging wage and hour violations.[1]  (Dkt. No. 1.)[2]  Now pending before the Court are Amazon's motion to dismiss, stay or transfer the action and accompanying request for judicial notice. (Dkt. Nos. 16 & 17.)  After careful consideration of the parties' briefing, and having had the benefit of oral argument on March 28, 2019, the Court grants Amazon's motion in part, and transfers this action to the Western District of Washington pursuant to the first-to-file rule because an earlier-filed case in that district involves substantially similar parties and issues.

## BACKGROUND

### I. Complaint Allegations

The gravamen of Plaintiff's complaint is that Amazon violated California wage and hour laws by misclassifying its California delivery drivers as independent contractors instead of employees.  Plaintiff is a current resident and citizen of Arizona who worked full-time "for Amazon as a 'Flex' driver delivering packages in San Francisco" for "several months in 2018"

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 9 & 14.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    while living in Oakland, California. (Dkt. No. 1 at ¶¶ 1,6, 25.) Plaintiff typically worked as a
2    Flex driver "8-12 hours per day, 7 days per week." (*Id.* at ¶ 27.) His job with Amazon was "his
3    sole source of income." (*Id.* at ¶ 1.)
4        Amazon classifies its Flex drivers as independent contractors, and hires and pays them
5    "through its Amazon Flex smartphone application" ("Flex app"). (*Id.* at ¶¶ 12, 20.) Prospective
6    Flex drivers must complete an application, undergo a background check, watch "approximately 20
7    mandatory training videos about how to deliver packages in accordance with Amazon's rules[,]"
8    and pass a quiz after watching each training video. (*Id.* at ¶ 13.)
9        Once hired, drivers use the Flex app to "sign up for shifts of varying lengths (from 2 to 12
10   hours)." (*Id.* at ¶ 14.) A Flex driver starts his or her shift by checking-in on the Flex app. (*Id.* at ¶
11   23.) Amazon then assigns the driver to "a specific fulfillment center," where he or she picks up a
12   set number of assigned packages that must be delivered during the shift "regardless of how long it
13   takes." (*Id.* at ¶¶ 14-15, 17, 23.) The time a Flex driver spends waiting at the fulfillment center
14   "to receive the assigned packages[ ] counts as part of the shift." (*Id.* at ¶ 15.) The Flex driver
15   "does not control how many packages he or she will be assigned or the drop-off locations for the
16   packages." (*Id.* at ¶ 23.) Amazon pays its Flex drivers "only for the number of scheduled hours in
17   the shift," not for the actual time it takes to deliver all assigned packages. (*Id.* at ¶ 18.)
18       The Flex app provides drivers with "the exact route" for each delivery. (*Id.* at ¶ 23.) Flex
19   drivers must use the app to inform Amazon "that the package has been delivered and take a picture
20   of the package as proof" of delivery. (*Id.*) "In delivering packages and interacting with
21   customers, Flex drivers must always follow Amazon's strict guidelines, which they learned from
22   mandatory training videos." (*Id.*)
23       In June 2018, Plaintiff arrived for his shift "at the Amazon fulfillment center in San
24   Francisco and was forced to wait 4 hours to receive his packages for delivery." (*Id.* at ¶ 28.) After
25   receiving his packages, Plaintiff was further delayed by traffic, resulting in deliveries "far behind
26   schedule." (*Id.*) Amazon terminated Plaintiff that day without explanation by removing his access
27   to the Flex app. (*Id.* at ¶¶ 1, 28.) Plaintiff "attempted to contact Amazon to seek reinstatement,
28   but was never able to reach a live person." (*Id.* at ¶ 29.) After losing his job, Plaintiff "could not

United States District Court
Northern District of California

1   make the payments on his house in Oakland, and was forced to move back home to Arizona."
2   (*Id.*)
3     "As an aggrieved employee, Plaintiff sues on behalf of the State of California [under the
4   Private Attorneys General Act] to recover all available civil penalties for Amazon's labor
5   violations" stemming from its misclassification of Plaintiff as an independent contractor and not
6   an employee. (*Id.* at ¶ 32.)

7   **II.   Procedural History**

8     On January 11, 2019, Plaintiff filed his complaint in this Court based on diversity
9   jurisdiction pursuant to 28 U.S.C. § 1332, seeking civil penalties under the Private Attorneys
10  General Act ("PAGA"). (Dkt. No. 1.) Amazon then moved to dismiss, stay or transfer the action
11  on February 20, 2019. (Dkt. No. 16.) The motion is fully briefed, (*see* Dkt. Nos. 20 & 22), and
12  the Court heard oral argument on March 28, 2019.

13  **REQUEST FOR JUDICIAL NOTICE**

14    Generally, "district courts may not consider material outside the pleadings when assessing
15  the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899
16  F.3d 988, 998 (9th Cir. 2018). When such materials "'are presented to and not excluded by the
17  court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.*
18  (quoting Fed. R. Civ. P. 12(d)). There are, however, "two exceptions to this rule: the
19  incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*
20    A judicially noticed adjudicative fact must be one "that is not subject to reasonable dispute
21  because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be
22  accurately and readily determined from sources whose accuracy cannot reasonably be questioned."
23  Fed. R. Evid. 201(b). Here, Amazon requests judicial notice of 26 exhibits consisting of court
24  documents filed in other cases in California state court and federal district courts in California and
25  Washington. (Dkt. No. 17, Ex. A-Z.) Plaintiff does not oppose Amazon's request.
26    Judicial notice is appropriate for "undisputed matters of public record, including
27  documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th
28  Cir. 2012) (internal citation omitted); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2

(9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Accordingly, the Court grants judicial notice of Exhibits A-Z because they are undisputed matters of public record.

## DISCUSSION

A PAGA claim "is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer. An employee bringing a PAGA action does so 'as the proxy or agent of the state's labor law enforcement agencies.'" *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (quoting *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014)). Plaintiff's PAGA claim alleges the following Labor Code violations: (1) intentional misclassification under section 226.8; (2) overtime violations under section 510; (3) expense reimbursement under section 2802; (4) meal and rest breaks under section 512; (5) itemized wage statements under section 226; (6) waiting time penalties under section 203; and (7) illegal contract terms under section 432.5. (Dkt. No. 1 at ¶ 32(a)-(f).)

Amazon moves to dismiss, stay or transfer this action to the Western District of Washington under either the first-to-file rule or 28 U.S.C. § 1404(a). (Dkt. No. 16.) Amazon moves for dismissal or stay based on "nine earlier filed cases[ ] alleging the same or similar misclassification-related claims on behalf of the same or a similar group of putative aggrieved employees (Amazon delivery partners) against the same defendant (Amazon)." (Dkt. No. 16 at 2.) Amazon moves to transfer the action to Western District of Washington because the first-filed federal action is pending in that district. Amazon further moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Plaintiff's PAGA claim for waiting time penalties under California Labor Code § 203. As the Court concludes that the action should be transferred to the Western District of Washington, it does not reach Amazon's merits argument.

**I.    First-to-File Rule**

The principle of federal comity refers to a court's discretion to decline jurisdiction when the same issues are already pending before another federal court. "[T]hough no precise rule has

4

evolved, the general principle is to avoid duplicative litigation" in the interests of judicial economy and avoiding inconsistent results. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Ninth Circuit employs a "first-to-file" rule to implement the principle: district courts have discretion to transfer, stay, or dismiss an action if the same parties and issues are already at issue in a proceeding before another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). In determining whether to apply the rule, courts must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The parties and issues in each action "need not be identical, only substantially similar." *Id.* at 1240-41. (9th Cir. 1989).

The court's analysis "should be driven to maximize economy, consistency, and comity," and the first-to-file rule "should not be disregarded lightly." *Id.* at 1239-40 (internal quotation marks and citation omitted). That said, the rule is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Thus, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Amazon argues that dismissal, stay or transfer of this action to the Western District of Washington under the first-to-file rule is warranted because this case involves substantially similar parties and the same underlying theory of liability asserted in nine earlier-filed, pending federal and state actions. Plaintiff counters that "equity and fairness weigh in favor of allowing this PAGA-only case to proceed" in this Court, and that the "first-to-file rule does not apply because the parties and issues are distinct." (Dkt. No. 20 at 8-11.) The Court concludes that the parties and issues in this case are substantially similar to those in the earliest-filed federal action and that transfer to that district under the first-to-file rule is warranted.

### A. Chronology of Federal Lawsuits

Plaintiff does not dispute that the following earlier-filed, pending or consolidated federal

actions[3] involve the same underlying theory of liability arising out of Amazon's alleged misclassification of Flex drivers as independent contractors instead of employees[4]:

> *Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 16-01554-JCC (W.D. Wash. filed Oct. 4, 2016) (collective and class action asserting claims under Federal Labor and Standards Act ("FLSA") and Washington and California state law)
>
> *Keller, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 17-cv-2219-RS (N.D. Cal. filed Mar. 13, 2017) (class action asserting violations of California Labor Code, Business & Professions Code, and common law claims)
>
> *Mack* (formerly *Lawson*) *v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 17-cv-02515-AB (C.D. Cal. filed Mar. 31, 2017) (representative action asserting PAGA claim) (transferred to W.D. Wash. and consolidated with *Rittmann*)
>
> *Knipe v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 17-cv-1889-WQH (S.D. Cal. filed Aug. 9, 2017) (class action asserting violations of California Labor Code, Business & Professions Code, and PAGA claim)
>
> *Ponce v. Amazon.com Servs., Inc. and Amazon Logistics, Inc.*, Case No. 19-cv-00288-EMC (N.D. Cal. filed Nov. 1, 2018) (class action asserting violations of California Labor Code, Business & Professions Code, and PAGA claim) (related to *Keller* by order filed Feb. 12, 2019)
>
> *Ronquillo, et al. v. Amazon.com, Inc.*, Case No. 19-cv-207 (C.D. Cal. filed Nov. 15, 2018; first amended complaint filed Feb. 21, 2019) (class action asserting violations of California Labor Code, Business & Professions Code, and PAGA claim)

---

[3] For purposes of the first-to-file rule involving actions removed from state court, courts in this district consider the timing of the filing of the state court action, not the date of removal. *See Motiv Power Sys., Inc. v. Livernois Vehicle Dev., LLC*, No. 13-CV-4811 YGR, 2014 WL 94370, at *2 (N.D. Cal. Jan. 9, 2014) (noting that the "date of removal is immaterial to the first-to-file analysis.") (citing *Hartford Acc. & Indem. Co. v. Margolis*, 956 F.2d 1166 (9th Cir. 1992)); *see also Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("After removal, the federal court takes the case up where the State court left it off.") (internal quotation marks and citation omitted). Further, "courts focus on the date upon which the party filed its original, rather than its amended complaint." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).

[4] Plaintiff likewise does not dispute that the following state court actions asserting the same misclassification theory were filed before the instant action: *Clinton v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case 30-2017-00938102 (Sup. Ct. Orange Cty. filed Aug. 16, 2017) (representative action asserting PAGA and Unfair Competition Law claims); *Luckett v. Amazon.com, Inc., et al.*, Case No. CGC-17-557507 (Sup. Ct. Alameda Cty. filed Oct. 5, 2018) (representative action asserting PAGA claim); *Romero, et al. v. Amazon.com Servs., Inc. and Amazon Logistics, Inc.*, Case No. 30-2018-01031789-CU-OE-CXC (Sup. Ct. Orange Cty. filed Nov. 7, 2018) (representative action asserting PAGA claim). (*See* Dkt. No. 17, Exs. Q, N, V.)

(Dkt. No. 17, Exs. A-M, R-S, X-Z.) On September 19, 2017, the *Mack* court transferred that PAGA-only action to the Western District of Washington pursuant to the first-to-file rule based on the earlier-filed class action in *Rittmann*. (Dkt. No. 17-6, Ex. F.) The *Rittmann* court then consolidated the two cases. (Dkt. No. 17-7, Ex. G.) The Court refers to this consolidated action as *Rittmann/Mack*.

The first element of the first-to-file rule is satisfied because it is undisputed that *Rittmann/Mack*, and indeed all of the federal actions noted above, were filed before the instant lawsuit.

### B. Similarity of Parties

As previously discussed, the parties in each action need only be "substantially similar" to satisfy the "similarity of parties" factor. *Kohn*, 787 F.3d at 1240-41. That bar is met here, at least as to *Rittmann/Mack*. Amazon is the defendant in *Rittmann/Mack* and this action, and the plaintiffs in both actions are substantially similar. The PAGA plaintiff in *Rittmann/Mack* brought his PAGA claim "as a representative action on behalf of the State of California," pursuant to California Labor Code § 2699, *et seq.*, for Labor Code violations against California Amazon delivery drivers "who have contracted directly with Amazon and have been classified as independent contractors. (*See* Dkt. No. 17-5, Ex. E at ¶ 1.) Likewise, Plaintiff in this action sues Amazon under PAGA for Labor Code violations because "Amazon's Flex delivery drivers are misclassified as independent contractors under California law." (Dkt. No. 1 at ¶¶ 3-5.) Thus, Plaintiff's PAGA claim asserts the same misclassification theory and represents the same interests asserted in *Rittmann/Mack* by the PAGA plaintiff. *See Weinstein v. Metlife, Inc.*, No. C 06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) ("If the parties represent the same interests the court may determine the second action is duplicative.") (internal quotation marks and citation omitted).

Plaintiff argues that "[t]he claim and parties in this case are distinct from those in any of the cases to which Amazon refers in its Motion" because "[t]his PAGA-only action is brought on behalf of the State of California (the real party in interest) by Mr. Hoyt, who is not a party in any other case." (Dkt. No. 20 at 5.) Plaintiff's argument fails to persuade. The State of California is

7

1 also the "real party in interest" in *Rittmann/Mack* on the PAGA claim for the same reason it is the

2 real party in interest on Mr. Hoyt's PAGA claim.

3     In sum, the second element is met because the parties in the instant action and

4 *Rittmann/Mack* are substantially similar.

### C. Similarity of Issues

    As with the parties, "[t]he issues in both cases . . . need not be identical, only substantially similar." *Kohn,* 787 F.3d at 1240-41. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits." *Id.* at 1241 (internal quotation marks and citation omitted). Here, there is substantial overlap between *Rittmann/Mack* and the instant action because both cases involve PAGA claims based on the same misclassification theory, and both allege violations of California Labor Code §§ 226(a), 2802. Because the PAGA claims in both cases hinge on the same underlying issue—whether Amazon misclassified its California Flex drivers as independent contractors—this Court and the *Rittmann* court will be litigating the same issue. Indeed, the *Mack* court recognized as much when it transferred that action to the Western District of Washington based on *Rittmann*. *See Mack*, 2017 WL 8220436, at *3 (noting that "[a] central question in both cases remains whether Defendants committed violations of California Labor Code sections 2802 and 226(a) with respect to delivery drivers classified as independent contractors in California," and the court would thus be required to "address[ ] the common factual issues implicated in both cases.") (internal quotation marks and citation omitted). Such duplicative litigation and risk of conflicting determinations is precisely the result the first-to-file rule seeks to avoid. *See Pacesetter*, 678 F.2d at 96 (affirming the district court's application of the first-to-file rule where "permitting multiple litigation of . . . identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations as to the [claims] . . . was clear.").

    Plaintiff asserts that because "[t]his case is a PAGA-only action against Amazon, . . . there is no reason to defer to any pending action, particularly where [Plaintiff's] PAGA claim presents unique concerns and issues that do not overlap with the vast majority of the claims in the other actions." (Dkt. No. 20 at 10 (citing *Wilkie v. Gentiva Health Servs., Inc.*, Civ. No. 10-1451

1  FCD/GGH, 2010 WL 3703060, at * (E.D. Cal. Sept. 16, 2010)).)

2  There is overlap, however, between the specific Labor Code violations alleged in the
3  instant action and those alleged in *Rittmann/Mack*. This action and *Rittmann/Mack* both allege
4  violations of California Labor Code §§ 226(a), 2802. (Dkt. No. 17-3 (Second Amended
5  Complaint, *Rittmann*, Case No. 16-01554-JCC (W.D. Wash. filed Apr. 20, 2017), ECF No. 83
6  (alleging violations of Cal. Lab. Code §§ 226(a), 2802)); Dkt. No. 17-5 (Amended PAGA
7  Representative Complaint, *Mack*, Case No. 17-02515-AB (C.D. Cal. filed 7/27/17), ECF No. 19
8  (alleging as predicate PAGA violations Cal. Lab. Code §§ 226(a), 2802, and 1174(d)). This
9  action, but not *Rittmann/Mack,* however, also alleges PAGA overtime violations (Cal. Labor Code
10 § 510), meal and rest break violations (Cal. Labor Code § 512), waiting time penalties (Cal. Labor
11 Code § 203), and Labor Code § 432.5, which prohibits an employer from requiring an employee to
12 agree to any term or condition that the employer knows to be unlawful. Plaintiff's theory on the
13 latter claim is that Amazon violated section 432.5 by requiring its Flex drivers to agree to a
14 contract provision prohibiting them from bringing representative PAGA claims. While Plaintiff's
15 PAGA action has additional predicate Labor Code violations, for application of the first-to-file
16 rule the issues need only be "substantially similar," not identical. *See Kohn,* 787 F.3d at 1240-41.
17 The issues in both cases are substantially similar because each and every claim is premised on a
18 finding that Amazon improperly classified the Flex drivers as independent contractors rather than
19 employees.

20 Plaintiff's reliance on *Wilkie v. Gentiva Health Servs., Inc.* is misplaced. The defendant in
21 *Wilkie* moved to transfer the plaintiff's "putative nation-and California-wide class action," which
22 alleged claims under the FLSA and California Labor and Business & Professions Code, pursuant
23 to the first-to-file rule. 2010 WL 3703060, at *1. The defendant sought transfer to a district
24 where an earlier-filed, pending class action also alleged FLSA claims against the same defendant,
25 as well as claims under New York and North Carolina state law (the "*Rindfleisch* action"). *Id.* at
26 *1-2. The *Wilkie* court determined that the first-to-file rule was inapplicable because neither the
27 plaintiffs nor the issues in the two actions were substantially similar. *Id.* at *3-5. As to the issues,
28 the court found that they did not substantially overlap in part because the *Rindfleisch* action did

9

not contain *any* California state law claims. *Id.* at *3-5 (concluding that "the *Rindfleisch* action alleges no California state law claims, so no overlap can exist; this makes the issues dissimilar.").

There are no equivalent dissimilarities here; instead, the *Rittmann/Mack* action and the instant action both contain a PAGA claim based on the same underlying misclassification theory, involving the same California Amazon drivers, against the same defendants, and including two of the same California Labor Code violations. Thus, there is substantial overlap between the issues to be litigated in the two cases. That the instant action alleges additional Labor Code violations not present in *Rittmann/Mack* does not change the substantial overlap of issues because liability for *all* violations alleged in both cases is premised on the same misclassification theory. Similarly, that *Rittmann/Mack* is both a collective and class action that includes FLSA and Washington state law claims is of no moment because the PAGA claim in *Rittmann/Mack* is based on the same misclassification theory asserted here and involves the same California Amazon drivers. Because a PAGA plaintiff brings the claim on behalf of the State of California rather than personally, "nonparty employees as well as the government are bound by the judgment in an action brought under [PAGA]." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). These are precisely the circumstances the first-to-file rule is designed to avoid: having the same parties litigating the same issues in two different federal courts race to see which court first enters a final preclusive judgment. *See Kohn Law Grp., Inc.*, 787 F.3d at 1240.

Accordingly, the Court concludes that the issues here and in *Rittmann/Mack* are substantially similar.

### D. Balance of Equities

The requirements of the first-to-file rule are met; however, because the rule is discretionary, the Court "may disregard it in the interests of equity." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010) (citing *Alltrade*, 946 F.2d at 623). Plaintiff argues that "prejudice to the State of California and the California Amazon drivers . . . will occur if these claims are tied up with any of the other pending cases, all of which may be subject to a lengthy or indefinite delay" because the federal actions are class actions and "the PAGA claim is likely to get lost and delayed among the numerous other legal issues at play—including proposed

10

class claims . . . that might be subject to arbitration." (Dkt. No. 20 at 9-10.) The Court is not convinced for two reasons.

First, the *Rittmann/Mack* court recently lifted the stay in that case for the limited purpose of resolving Defendants' motion to dismiss, or in the alternative to compel arbitration. *See* Minute Order, *Rittmann/Mack*, Case No. 16-01554-JCC (W.D. Wash. filed Jan. 29, 2019), ECF No. 101. Briefing on that motion was due by March 6, 2019. *Id.* Thus, the risk of "a lengthy or indefinite delay" based on the procedural posture of *Rittmann/Mack* is not necessarily present.[5] Further, the *Mack* court rejected the same argument "that the PAGA claim will be 'lost' if it were to be asserted in *Rittmann*" in light of "the number of overlapping issues that exist between the PAGA claims [in *Mack*] and the other California claims asserted in *Rittmann*." *See Mack*, 2017 WL 8220436, at *4. The Court agrees and finds the argument even less persuasive here given that *Rittmann/Mack* now includes essentially the same PAGA claim asserted here.

Second, Plaintiff's argument regarding prejudice to the State of California and California Amazon drivers fails to consider the three PAGA-only actions currently pending in California state court, all of which were filed before the instant action and all of which assert the same misclassification theory and most of the same Labor Code violations asserted here.[6] *See e.g.*, *Clinton v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case 30-2017-00938102 (Sup. Ct. Orange Cty. filed Aug. 16, 2017) (representative action asserting PAGA claim); *Luckett v. Amazon.com, Inc., et al.*, Case No. CGC-17-557507 (Sup. Ct. Alameda Cty. filed Oct. 5, 2018) (representative action asserting PAGA claim); *Romero, et al. v. Amazon.com Servs., Inc. and Amazon Logistics, Inc.*, Case No. 30-2018-01031789-CU-OE-CXC (Sup. Ct. Orange Cty. filed Nov. 7, 2018) (representative action asserting PAGA claim). This Court's application of the first-

---

[5] Amazon asserts that Plaintiff recently indicated to defense counsel that he would be pursuing "a claim for unpaid wages under Labor Code § 558 as part of this action." (Dkt. No. 22 at 12.) Amazon contends that "such a claim for individual, victim-specific relief under section 558 would be arbitrable," and thus, "Amazon will soon bring a motion to compel individual arbitration" of that claim and "stay the remainder of [Plaintiff's] PAGA claims pending the resolution" of arbitration. (*Id.*) This argument does not factor into the Court's first-to-file rule analysis, however, because the Court must only "consider the pleadings and the cases as they currently exist." *See Wilkie*, 2010 WL 3703060, at *5.

[6] The California Labor Code violations alleged in the state actions overlap with Plaintiff's claims as to all but Plaintiff's claim under Labor Code § 432.5.

11

1    to-file rule has no bearing on those state court PAGA-only actions, which all represent the same
2    interests asserted here.  Thus, the Court fails to see how the State of California or California
3    Amazon drivers will be prejudiced by application of the first-to-file rule in this federal action
4    when three separate PAGA-only actions based on the same underlying facts are currently being
5    litigated in state court.  In the absence of any discernible prejudice to the State of California or
6    California Amazon drivers, considerations of judicial efficiency and the avoidance of conflicting
7    judgments weigh sharply in favor of application of the first-to-file rule.

8    Plaintiff's reliance on *Wilkie* and *Adoma* for his "equity and fairness" argument is
9    unpersuasive.  First, the *Wilkie* court determined that the requirements of the first-to-file rule were
10   *not* met given that the plaintiffs and issues between the two actions were not substantially similar.
11   2010 WL 3703060, at *3-5.  The *Wilkie* court addressed the interests of equity regardless, and
12   found that statute of limitations concerns regarding the FLSA claims in both actions and
13   potentially prejudicial class certification issues that could "seriously infringe the rights of potential
14   collective members of plaintiff's proposed nation-wide class" weighed "against applying the first-
15   to-file rule." *Id.* at *5.  Those concerns are not present here.  Similarly, the *Adoma* court
16   recognized statute of limitations concerns because both actions included FLSA claims, and also
17   noted that the plaintiff sought additional "relief under California state law" not requested in the
18   first-filed action, thus "demonstrat[ing] that judicial resources [would] not be significantly
19   conserved."  711 F. Supp. 2d at 1150.  Again, application of the first-to-file rule in this case does
20   not implicate the same concerns.

21   In sum, the balance of equities favors application of the first-to-file rule.  Plaintiff does not
22   argue that the recognized exceptions to the rule (i.e., bad faith, anticipatory suits, and forum
23   shopping) otherwise apply, and the Court concludes that they do not.  *See Ward*, 158 F.R.D. at 648
24   (citing *Alltrade*, 946 F.2d at 628).

25   **E.      Transfer**

26   The Court must next determine whether to dismiss, stay or transfer the case.  *See Alltrade*,
27   946 F.2d at 623 (noting that courts have discretion to dismiss, stay or transfer an action where the
28   requirements of the first-to-file rule are met).  Given that this action involves additional California

12

Labor Code violations not alleged in *Rittmann/Mack*, dismissal is not appropriate. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 533 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies.") (citing *Alltrade*, 946 F.2d at 627-28). Further, the Court sees no reason why staying this action rather than transferring it would "maximize economy, consistency, and comity," *see Kohn*, 787 F.3d at 1239-40 (internal quotation marks and citation omitted), because Plaintiff's PAGA claim is based on the same misclassification theory involving the same California Amazon drivers and serves the same interests as the PAGA claim pending in *Rittmann/Mack*. Absent a transfer, the similarities between the PAGA claim here and the one in *Rittmann/Mack* will require this Court and the parties to this action to engage in the same efforts as the *Rittmann/Mack* court and the parties to that action (the same parties present here). Accordingly, transferring this action to the Western District of Washington now will best serve the interests of judicial efficiency and avoiding duplicative litigation.

***

The first-to-file rule applies because litigation involving substantially similar parties and issues is pending in an earlier-filed case in the Western District of Washington, and transfer of this action to that district will maximize judicial efficiency and consistency. The Court need not address Amazon's alternative basis for transfer under 28 U.S.C. § 1404(a).

## CONCLUSION

For the reasons set forth above, the Court grants Amazon's motion to dismiss in part, and transfers this action to the Western District of Washington pursuant to the first-to-file rule.

This Order disposes of Docket No. 16

**IT IS SO ORDERED.**

Dated: March 28, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge