UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNADEAN RITTMANN, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., *et al.*,

    Defendants.

CASE NO. C16-1554-JCC

ORDER

This matter comes before the Court on Defendants' motion to consolidate (Dkt. No. 126). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.   BACKGROUND

The facts of this case have been discussed in prior orders and the Court will not repeat them here. (*See* Dkt. Nos. 77, 87, 115, 133.) In January 2019, Plaintiff Sean Hoyt filed a lawsuit in the Northern District of California, alleging the same claims as those already consolidated into *Rittmann*, with one additional California-specific claim. *Compare Hoyt v. Amazon.com, Inc.*, Case No. C19-0498-JCC, Dkt. No. 1 (W.D. Wash. 2019) (the "*Hoyt* complaint"), *with Mack/Lawson v. Amazon.com, Inc.*, Case No. C17-1438-JCC, Dkt. No. 19 (W.D. Wash. 2017) (the "*Mack* complaint") *and Ronquillo v. Amazon.com, Inc.*, C19-0398-JCC, Dkt. No. 17 (W.D. Wash. 2019) (the "*Ronquillo* complaint") *and* (Dkt. Nos. 83, 87, 132) (the

"*Mack/Ronquillo/Rittmann* consolidation orders"). Like the complaints in *Rittmann*, *Mack*, and *Ronquillo*, the Honorable Jacqueline Scott Corley, United States Magistrate Judge for the Northern District of California, said of Plaintiff Hoyt's lawsuit: "The gravamen of Plaintiff's complaint is that Amazon violated California wage and hour laws by misclassifying its California delivery drivers as independent contractors instead of employees." *See Hoyt*, Case No. C19-0498-JCC, Dkt. No. 25 at 1. Because of the substantial similarities between *Hoyt* and *Rittmann*, Judge Corley transferred *Hoyt* to the Western District of Washington pursuant to the first-to-file rule. *See Hoyt*, Case No. C19-0498-JCC, Dkt. No. 25. Defendants move the Court to consolidate *Hoyt* into *Rittmann* for the same reasons that Judge Corley found transfer appropriate. (*See* Dkt. No. 126); *Hoyt*, Case No. C19-0498-JCC, Dkt. No. 25.

## II. DISCUSSION

If multiple actions before the Court involve a common question of law or fact, the Court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). The Court has substantial discretion in determining whether to consolidate the actions. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "Once a common question of law or fact is identified, the Court considers factors such as the interests of justice, expeditious results, conservation of resources, avoiding inconsistent results, and the potential of prejudice." *Miller v. Monroe Sch. Dist.*, Case No. C15-1323-JCC, Dkt. No. 21 at 3 (W.D. Wash. 2015). "In exercising its discretion to consolidate, the Court 'must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.'" *Ekin v. Amazon Servs., LLC*, Case No. C14-0244-JCC, Dkt. No. 21 at 3 (W.D. Wash. 2014) (quoting *Takeda v. Turbodyne Tech., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)).

*Rittmann* and *Hoyt* present an identical question of law on an issue that the Court has previously found sufficient for consolidation—whether Plaintiffs were improperly classified as independent contractors. (*See* Dkt. Nos. 86, 87.) Additionally, all but one of Plaintiff Hoyt's claims are identical to those already consolidated into *Rittmann*. Therefore, there are common

questions of law and fact between the *Rittmann* and *Hoyt* actions.

Consolidating the actions will result in the conservation of resources and the avoidance of inconsistent results, and it will promote the interests of justice. As Plaintiff Hoyt acknowledges in his briefing, many aspects of his lawsuit would be handled most efficiently by joining the *Rittmann* proceedings. (*See* Dkt. No. 129 at 13.) Joining certain litigation proceedings and coordinating discovery, but still litigating separately, would be a waste of judicial resources in this case. Although Plaintiff Hoyt argues that consolidation will result in prejudice because he will not obtain the relief he seeks as quickly as if his lawsuit were to proceed independently, he does not identify tangible prejudice that will result from that delay. (*See id.* at 11.) Moreover, the factors favoring consolidation weigh more heavily than any prejudice Plaintiff Hoyt may face because of delay.

**III. CONCLUSION**

For the foregoing reasons, Defendants' motion to consolidate (Dkt. No. 126) is GRANTED.

DATED this 9th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE